IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK A BARRY, MD | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 14-104 |
| | § | |
| MEDTRONIC, INC. | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Mark A. Barry, MD (hereinafter "DR. BARRY" or "PLAINTIFF") complains of Medtronic, Inc. (hereinafter "MEDTRONIC") and would show the Court the following:

### PARTIES

1. DR. BARRY is an individual, residing in the State of Hawaii.

2. Upon information and belief, Defendant, MEDTRONIC, INC. (hereinafter "MEDTRONIC"), is a corporation organized under the laws of the State of Minnesota, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136. On information and belief, MEDTRONIC does business throughout the United States.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, personal jurisdiction exists generally over the Defendant because it has sufficient minimum contacts with the forum as a result of business

conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over the Defendant because of its conduct in making, using, selling, offering to sell, and/or importing infringing products within the State of Texas and within the Eastern District of Texas.

5. Upon information and belief, the products at issue are offered for sale through direct sales representatives, at medical and surgical conventions and seminars, and through on-line advertising and promotion, and the associated methods of use are also promoted for practice by third parties through such means, including, for example as shown at **http://www.medtronic.com/patients/scoliosis/device/our-spinal-system/cd-horizon-legacy-system/** and as disseminated throughout the internet, including into this District and Division.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

## FACTS

7. Plaintiff, DR. BARRY, repeats and re-alleges the allegations in paragraphs 1-7 as though fully set forth herein.

8. DR. BARRY is the owner, subject to license rights granted to a third party, of all rights, title, and interest in and under the hereinafter enumerated United States patents and has standing to sue for the past, present, and future of such patents.

9. DR. BARRY, is the owner of United States Patent No. 7,670,358 ("the '358 patent" or, when referenced with the other enumerated patents, "the Asserted Patents"), which duly and legally issued on 03/02/2010. A true and correct copy of the '358 Patent is attached hereto as **Exhibit A.**

10. DR. BARRY is the owner of United States Patent No. 7,776,072 ("the '072 patent" or, when referenced with the other enumerated patents, "the Asserted Patents"), which duly and legally issued on 08/17/2010. A true and correct copy of the '072 Patent is attached hereto as **Exhibit B**.

11. DR. BARRY is the owner of United States Patent No. 8,361,121 ("the '121 patent" or, when referenced with the other enumerated patents, "the Asserted Patents"), which duly and legally issued on 01/29/2013. A true and correct copy of the '121 Patent is attached hereto as **Exhibit C.**

12. The '358 Patent is valid and enforceable.

13. The '072 Patent is valid and enforceable.

14. The '121 Patent is valid and enforceable.

15. DR. BARRY has complied with the requirements of 35 U.S.C. § 287 with respect to each of the Asserted Patents.

16. Upon information and belief, Defendant MEDTRONIC has been, and is infringing one or more of the Asserted Patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more of the claims of the Asserted Patents, including the making, using, selling, offering for sale, and/or importing in or into the United States of one or more of its "CD Horizon Legacy Spinal Systems".

17. MEDTRONIC is a medical device manufacturing company with global reach, has been involved in multiple patent infringement litigation matters, itself holds a number of patents, and has the services of both in-house and outside patent counsel.

18. MEDTRONIC has been actively engaged in spinal correction device development, education, and patent protection related to such devices for a number of years.

19. On information and belief, therefore, MEDTRONIC either has known of the Asserted Patents, or has been "willfully blind" to their existence.

20. MEDTRONIC has actively promoted the sales to, and uses by third parties of its spinal instrumentation systems, including its "CD Horizon Legacy Spinal Systems."

21. Use of one of MEDTRONIC' "CD Horizon Legacy Spinal Systems" is illustrated at, and encouraged to be used by third party surgeons through publication and support of inducing communications, among which is that found at:

> **http://www.youtube.com/watch?v=JXMAGwzo1OQ**
>
> http://s.urgery.com/dentalsurgery/view.php?video=JXMAGwzo1OQ&feature=youtube_gdata_player&title=Medtronic+Scoliosis+Education+-+Dr+Skaggs+VCM+Derotation#.UwO_yaX1wUw

22. Third parties, in using at least MEDTRONIC's "CD Horizon Legacy Spinal Systems" have directly infringed one or more method or process claims of the Asserted Patents.

23. In actively promoting the sales to, and use by third parties of its spinal instrumentation systems, including its "CD Horizon Legacy Spinal Systems," MEDTRONIC has done so, on information and belief, with knowledge of (or "willful blindness" to) the Asserted Patents, as well as knowing that (or with "willful blindness" to the fact that) such third party use infringed one or more of the claims of the Asserted Patents.

24. On information and belief, MEDTRONIC sells components of, and/or accessories for use with its spinal systems, the use of which has no substantial non-infringing use ("Non-Staple Items") relative to the Asserted Patents.

25. On information and belief, Non-Staple Items provided to third parties constitute material portions of the patented combinations that are within the scope of one or more of the Asserted Patents.

26. On information and belief, third parties combine Non-Staple Items provided, directly or indirectly, by MEDTRONIC, with other component(s) to assemble apparatus falling within the scope of one or more of the apparatus claims of the Asserted Patents.

27. On information and belief, third parties combine Non-Staple Items provided, directly or indirectly, by MEDTRONIC, with other component(s) to use apparatus falling within the scope of one or more of the method claims of the Asserted Patents.

28. By making, using, selling, offering for sale, importing, promoting, inducing, and/or providing to others in or into the United States, without authority, products, the providing and/or use which fall within the scope of one or more claims of the Asserted Patents, Defendant MEDTRONIC has directly infringed one or more claims of the Asserted Patents, pursuant to 35 U.S.C. 271(a)

29. By actively inducing third parties to practice methods falling within the scope of one or more of the claims of the Asserted Patents, with knowledge of (or "willful blindness" to) the patents, and of the actions, as infringement, of third parties who directly infringe such claims, MEDTRONIC has induced infringement of one or more of the Asserted Patents, pursuant to 35 U.S.C. 271(b).

30. By producing and providing to third parties Non-Staple Items, with subsequent assembly and use of apparatus that infringe one or more apparatus claims of the Asserted Patents, with knowledge of (or "willful blindness" to) the Asserted Patents, and of the actions, as

infringement, of third parties who directly infringe such claims, MEDTRONIC has contributorily infringed upon one or more of the Asserted Patents, pursuant to 35 U.S.C. 271(c).

## COUNTS

### I. INFRINGEMENT OF THE '358 PATENT

31. DR. BARRY repeats and incorporates by reference the preceding Paragraphs 1 – 31.

32. By making, using, selling, offering for sale, importing, promoting, inducing, and/or providing to others in or into the United States, without authority, products, the providing and/or use which fall within the scope of one or more claims of the '358 Patent, Defendant MEDTRONIC has directly infringed on one or more claims of the '358 Patent, pursuant to 35 U.S.C. 271(a)

33. As a direct and proximate result of Defendant' acts of patent infringement, DR. BARRY has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

34. DR. BARRY has suffered from the infringement of Defendant, and has lost and will continue to lose profits and/or royalties as a result of the Defendant' infringement.

35. DR. BARRY has no adequate remedy at law against these acts of patent infringement. Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '358 Patent, DR. BARRY will suffer irreparable harm.

36. DR. BARRY has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

37. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. §285, and DR. BARRY is entitled to recover his reasonable and necessary fees and expenses.

## II. INDUCING INFRINGEMENT OF THE '358 PATENT

38. DR. BARRY repeats and incorporates by reference the preceding Paragraphs 1 – 31.

39. By actively inducing third parties to practice methods falling within the scope of one or more of the claims of the '358 Patent, with knowledge of (or "willful blindness" to) the patents, and knowledge that (or "willful blindness" to the fact that) the actions of third parties directly infringe such claims, MEDTRONIC has induced infringement on one or more of the '358 Patent, pursuant to 35 U.S.C. 271(b).

40. As a direct and proximate result of Defendant' acts of patent infringement, DR. BARRY has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

41. DR. BARRY has suffered from the infringement of Defendant, and has lost and will continue to lose profits and/or royalties as a result of the Defendant' infringement.

42. DR. BARRY has no adequate remedy at law against these acts of patent infringement. Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '358 Patent, DR. BARRY will suffer irreparable harm.

43. DR. BARRY has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

44. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. §285, and DR. BARRY is entitled to recover his reasonable and necessary fees and expenses.

### III. CONTRIBUTORY INFRINGEMENT OF THE '358 PATENT

45. DR. BARRY repeats and incorporates by reference the preceding Paragraphs 1 – 31.

46. By producing and providing to third parties Non-Staple Items, with subsequent assembly and use of apparatus that infringe one or more apparatus claims of the '358 Patent, with knowledge of (or "willful blindness" to) the Asserted Patents, and of the actions, as infringement, of third parties who directly infringe such claims, MEDTRONIC has contributorily infringed on one or more of the '358 Patent claims, pursuant to 35 U.S.C. 271(c).

47. As a direct and proximate result of Defendant' acts of patent infringement, DR. BARRY has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

48. DR. BARRY has suffered from the infringement of Defendant, and has lost and will continue to lose profits and/or royalties as a result of the Defendant' infringement.

49. DR. BARRY has no adequate remedy at law against these acts of patent infringement. Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '358 Patent, DR. BARRY will suffer irreparable harm.

50. DR. BARRY has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

51. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and DR. BARRY is entitled to recover his reasonable and necessary fees and expenses.

### IV. INFRINGEMENT OF THE '072 PATENT

52. DR. BARRY repeats and incorporates by reference the preceding Paragraphs 1 – 31.

53. By making, using, selling, offering for sale, importing, promoting, inducing, and/or providing to others in or into the United States, without authority, products, the providing and/or use which fall within the scope of one or more claims of the '072 Patent, Defendant MEDTRONIC has directly infringed one or more claims of the '072 Patent, pursuant to 35 U.S.C. 271(a)

54. As a direct and proximate result of Defendant' acts of patent infringement, DR. BARRY has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

55. DR. BARRY has suffered from the infringement of Defendant, and has lost and will continue to lose profits and/or royalties as a result of the Defendant' infringement.

56. DR. BARRY has no adequate remedy at law against these acts of patent infringement. Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '072 Patent, DR. BARRY will suffer irreparable harm.

57. DR. BARRY has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

58. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and DR. BARRY is entitled to recover his reasonable and necessary fees and expenses.

## V. INDUCING INFRINGEMENT OF THE '072 PATENT

59. DR. BARRY repeats and incorporates by reference the preceding Paragraphs 1 – 31.

60. By actively inducing third parties to practice methods falling within the scope of one or more of the claims of the '072 Patent, with knowledge of (or "willful blindness" to) the patents, and knowledge that (or "willful blindness" to the fact that) the actions of third parties directly infringe such claims, MEDTRONIC has induced infringement on one or more of the '072 Patent, pursuant to 35 U.S.C. 271(b).

61. As a direct and proximate result of Defendant' acts of patent infringement, DR. BARRY has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

62. DR. BARRY has suffered from the infringement of Defendant, and has lost and will continue to lose profits and/or royalties as a result of the Defendant' infringement.

63. DR. BARRY has no adequate remedy at law against these acts of patent infringement. Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '072 Patent, DR. BARRY will suffer irreparable harm.

64. DR. BARRY has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

65. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. §285, and DR. BARRY is entitled to recover his reasonable and necessary fees and expenses.

### VI. CONTRIBUTORY INFRINGEMENT OF THE '072 PATENT

66. DR. BARRY repeats and incorporates by reference the preceding Paragraphs 1 – 31.

67. By producing and providing to third parties Non-Staple Items, with subsequent assembly and use of apparatus that infringe one or more apparatus claims of the '072 Patent, with knowledge of (or "willful blindness" to) the Asserted Patents, and of the actions, as infringement, of third parties who directly infringe such claims, MEDTRONIC has contributorily infringed on one or more of the '072 Patent claims, pursuant to 35 U.S.C. 271(c).

68. As a direct and proximate result of Defendant' acts of patent infringement, DR. BARRY has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

69. DR. BARRY has suffered from the infringement of Defendant, and has lost and will continue to lose profits and/or royalties as a result of the Defendant' infringement.

70. DR. BARRY has no adequate remedy at law against these acts of patent infringement. Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '072 Patent, DR. BARRY will suffer irreparable harm.

71. DR. BARRY has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

72. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and DR. BARRY is entitled to recover his reasonable and necessary fees and expenses.

### VII. INFRINGEMENT OF THE '121 PATENT

73. DR. BARRY repeats and incorporates by reference the preceding Paragraphs 1 – 31.

74. By making, using, selling, offering for sale, importing, promoting, inducing, and/or providing to others in or into the United States, without authority, products, the providing and/or use which fall within the scope of one or more claims of the '121 Patent, Defendant MEDTRONIC has directly infringed one or more claims of the '121 Patent, pursuant to 35 U.S.C. 271(a)

75. As a direct and proximate result of Defendant' acts of patent infringement,

76. DR. BARRY has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

77. DR. BARRY has suffered from the infringement of Defendant, and has lost and will continue to lose profits and/or royalties as a result of the Defendant' infringement.

78. DR. BARRY has no adequate remedy at law against these acts of patent infringement. Unless Defendant are permanently enjoined from its unlawful and willful infringement of the '121 Patent, DR. BARRY will suffer irreparable harm.

79. DR. BARRY has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

80. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. §285, and DR. BARRY is entitled to recover his reasonable and necessary fees and expenses.

### VIII. INDUCING INFRINGEMENT OF THE '121 PATENT

81. DR. BARRY repeats and incorporates by reference the preceding Paragraphs 1 – 31.

82. By actively inducing third parties to practice methods falling within the scope of one or more of the claims of the '121 Patent, with knowledge of (or "willful blindness" to) the patents, and knowledge that (or "willful blindness" to the fact that) the actions of third parties directly infringe such claims, MEDTRONIC has induced infringement on one or more of the '121 Patent, pursuant to 35 U.S.C. 271(b).

83. As a direct and proximate result of Defendant' acts of patent infringement, DR. BARRY has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

84. DR. BARRY has suffered from the infringement of Defendant, and has lost and will continue to lose profits and/or royalties as a result of the Defendant' infringement.

85. DR. BARRY has no adequate remedy at law against these acts of patent infringement. Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '121 Patent, DR. BARRY will suffer irreparable harm.

86. DR. BARRY has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

87. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. §285, and DR. BARRY is entitled to recover his reasonable and necessary fees and expenses.

### IX. CONTRIBUTORY INFRINGEMENT OF THE '121 PATENT

88. DR. BARRY repeats and incorporates by reference the preceding Paragraphs 1 – 31.

89. By producing and providing to third parties Non-Staple Items, with subsequent assembly and use of apparatus that infringe one or more apparatus claims of the '121 Patent, with knowledge of (or "willful blindness" to) the Asserted Patents, and of the actions, as infringement, of third parties who directly infringe such claims, MEDTRONIC has contributorily infringed on one or more of the '121 Patent claims, pursuant to 35 U.S.C. 271(c).

90. As a direct and proximate result of Defendant' acts of patent infringement, DR. BARRY has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

91. DR. BARRY has suffered from the infringement of Defendant, and has lost and will continue to lose profits and/or royalties as a result of the Defendant' infringement.

92. DR. BARRY has no adequate remedy at law against these acts of patent infringement. Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '121 Patent, DR. BARRY will suffer irreparable harm.

93. DR. BARRY has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

94. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. §285, and DR. BARRY is entitled to recover his reasonable and necessary fees and expenses.

## PRAYER FOR RELIEF

Plaintiff, DR. BARRY, respectfully requests that judgment be entered in his favor and against Defendant and the Court grant the following relief to DR. BARRY:

A. Declare that each of the Asserted Patents is valid and enforceable;

B. Grant judgment in DR. BARRY's favor that Defendant has directly infringed the Asserted Patents;

C. Grant judgment in DR. BARRY's favor that Defendant has induced infringement of the Asserted Patents;

D. Grant judgment in DR. BARRY's favor that Defendant has contributorily infringed the Asserted Patents;

E. Declare that Defendant's infringement was willful;

F. Award damages to DR. BARRY to which he is entitled for patent infringement;

G. Award damages to DR. BARRY to which he is entitled for his lost profits, or as a reasonable royalty as provided by law;

H. Enter a preliminary and thereafter a permanent injunction against Defendant's direct infringement of the Asserted Patents;

I. Enter a preliminary and thereafter a permanent injunction against Defendant's active inducements of the Asserted Patents by others;

J.    Enter a preliminary and thereafter a permanent injunction against Defendant's contributory infringement of the Asserted Patents;

K.    Award DR. BARRY his expenses, costs, and attorneys" fees pursuant to 35 U.S.C. §285;

L.    Award DR. BARRY increased damages in an amount not less that three times the amount of damages found by the jury or assessed by this Court, for Defendant's willful infringement pursuant to 35 U.S.C. §284;

M.    Award interest on DR. BARRY's damages; and

N.    Award such other relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38 and 39, Plaintiff, DR. BARRY, asserts his rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues triable to a jury.

Respectfully Submitted,
Gray Reed & McGraw, P.C.

DAVID G. HENRY, SR.
Lead Counsel
State Bar No. 09479355
1601 Elm Street; Ste. 4600
Dallas, Texas 75201
(469) 320-6056
(214) 953-1332 (Facsimile)
dhenry@grayreed.com

By:   */s/ David G. Henry*
       DAVID G. HENRY
       State Bar No. 09479355

**ATTORNEYS FOR MARK A. BARRY, M.D.**