**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **MARK A BARRY, MD,** | |
| **Plaintiff,** | **Civil Action No. 14-104-RC** |
| **v.** | |
| **MEDTRONIC, INC.,** | **Judge Ron Clark** |
| **Defendant.** | |

**JOINT MOTION TO STAY THE PRESENT ACTION**
**PENDING *INTER PARTES* REVIEW OF PATENTS-IN-SUIT**

On July 27, 2014, Defendant Medtronic Inc. ("Medtronic") filed three separate petitions for *inter partes* review ("IPR") by the United States Patent and Trademark Office ("PTO") of all claims of Plaintiff Mark A. Barry's ("Barry's") U.S. Patent Nos. 7,670,358 ("the '358 patent"), 7,776,072 ("the '072 patent") and 8,361,121 ("the '121 patent") (collectively, the "patents-in-suit") that are presently asserted in this matter.  Having met and conferred, the parties submit this Joint Motion to immediately stay the present action pending the outcome of those IPRs.

With the motion being joint, there is no issue over undue prejudice. This lawsuit is also at a very early stage, with discovery having only recently begun. The parties agree that it would be inefficient and wasteful of both the Court's and parties' resources to proceed with the present litigation on claims that may be amended or eliminated as a result of the IPR proceedings. Indeed, depending on the PTO's decision, the IPRs could moot this suit in its entirety. At the very least, regardless of whether they are granted, the IPRs will simplify the issues in question and trial of the case; including by avoiding the possibility of inconsistent, duplicative and/or superfluous claim construction proceedings. Accordingly, all of the factors weigh in favor a stay, and the parties respectfully request that the Court enter an immediate stay pending resolution of the IPRs. *See, e.g.*, *Ethicon, Inc. v. Quigg,* 849 F. 2d 1422, 1426-27 (Fed. Cir. 1988)*,* citing *Landis v. N. American Co.*, 299 U.S. 248, 254-55 (1936) (court may exercise inherent power to manage dockets to stay any action *sua sponte*, even absent any formal motion by the parties).

## BACKGROUND

### A.      The Lawsuit

Earlier this year, Plaintiff filed suit against Medtronic, alleging infringement of the '358, '072 and '121 patents. (Dkt. 1.) Generally speaking, all three patents-in-suit relate to a system, apparatus and/or method for treating spinal deformities, with specific reference to correction of

1

scoliosis-related conditions. (*See* attached patents, Exs. A-C)[1]. Medtronic answered and Plaintiff

has responded to Medtronic's counterclaims. (Answer, Dkt. 10; Response, Dkt. 15.)

This case is still in its early stages with discovery set to close a year from now on August

14, 2015. (Dkt. 22.) Only limited discovery has taken place with Plaintiff serving Infringement

Contentions and Local Patent Rule 3-2 disclosures on July 10, 2014, the parties exchanging Rule

26(a) initial disclosures on July 17, Medtronic serving a First Set of Interrogatories on July 22,

and Plaintiff having provided some of the Court-ordered discovery concerning counsel for

Plaintiff's involvement in prosecution of the patents (Dkt. 26.)[2] No depositions or other

discovery has taken place. The parties have not begun claim construction proceedings and

briefing is not scheduled to begin for another three months. Per the present schedule, dispositive

motions are still more than a year away; and trial is 18 months from now.

## B.      Medtronic's Three Petitions For *Inter Partes* Review Of The Patents-In-Suit

After being served with this lawsuit, Medtronic identified a number of prior art references

that were never considered by the PTO during the prosecution of Plaintiff's patent applications,

and filed three separate IPR petitions based on them. (IPR petitions attached as Exs. D-F.)[3]

---

[1] All exhibits are attached to the Declaration of Julie P. Bookbinder submitted in support of this Joint Motion.

[2] Even this Court-ordered discovery and Plaintiff's Rule 3-2 mandatory disclosures remain incomplete, however, necessitating the recent filing of a separate joint motion requesting additional time to allow Plaintiff to collect and produce documents related to the prosecution of the Patents-in-Suit, and Plaintiff's PR 3-2(a) mandatory disclosure document production.  (Dkts. 22 and 26.) For instance, according to the information provided thus far, Plaintiff conducted more than 20 surgeries using the alleged invention prior to filing his first patent on December 30, 2004, but limited documents have been produced concerning them. These documents are not only specifically called for by PR 3-2(a), but are also highly relevant to the deposition of Plaintiff's patent counsel and the related disqualification issue.  Indeed, to the extent one or more of those surgeries occurred in 2003, i.e., over a year before his filing date, each would be potentially case-dispositive invalidating prior art under 35 U.S.C. § 102(b) that has never been disclosed to the PTO during prosecution. (*See, e.g.*, Exs. G-I, referencing 24 surgeries conducted over an 18 month time period before October 2004 dating back to early 2003, and 21 surgeries prior to February and July 2004, respectively.) If anything, a stay will allow Plaintiff adequate time to properly investigate these discovery issues and provide the necessary information to comply with the Court's order (Dkt. 26) and his Rule 3-2 obligations.

[3] Case Numbers:  IPR2014-01210, IPR2014-01211, and IPR2014-01212. All of the IPR petitions were procedurally accepted by the PTO. Decisions on whether to initiate IPR trials will be made on or before the six month deadline pursuant 35 U.S.C. §§ 313-314; 37 C.F.R. § 42.107(b). https://ptabtrials.uspto.gov/prweb/PRServlet/HcI5xOSeX_yQRYZAnTXXCg%5B%5B*/!STANDARD?

*NY 244358677v3*

Based on recent PTO statistics, approximately 87% of IPR petitions in 2013 and 75% of

IPR petitions in 2014 resulted in an instituted trial, so it is highly likely that one or more of the

patents-in-suit   will   face   review   (see,   e.g.,   http://www.uspto.gov/ip/boards/bpai/stats/

aia_trial_statistics.jsp.)   Once initiated, the PTO is also statutorily obligated to resolve an IPR

within a year (extendable by six months only on a showing of good cause.)   35 U.S.C. §

316(a)(11). Plaintiff may file a preliminary response to one or more of the petitions within three

months, or he may choose to expedite the PTO's decision by waiving his response. *See* 35

U.S.C. § 313; 37 C.F.R. § 42.107(b).   Even if Plaintiff does not waive his response, the PTO is

statutorily obligated to grant or deny each of Medtronic's petitions within six months of filing,

i.e., by January 27, 2015, the same date as the Claim Construction Hearing in this matter. (Dkt.

22); 35 U.S.C. § 314(b).

## ARGUMENT

### A.     Legal Standard

"The district court has the inherent power to control its own docket, including the power

to stay proceedings." *SSL Servs., LLC* v. *Citrix Sys.,* 2012 U.S. Dist. LEXIS 35779, at *5 (E.D.

Tex. Mar. 16, 2012) (quoting *Soverain Software LLC* v. *Amazon.com,* 356 F. Supp. 2d 660, 662

(E.D. Tex. 2005)); *see also Datatreasury Corp.* v. *Wells Fargo & Co., et al.,* 490 F. Supp. 2d

749, 754 (E.D. Tex. 2006). "How this can best be done calls for the exercise of judgment, which

must weigh competing interests and maintain an even balance." *Id. (citing Landis,* 299 U.S. 248,

254-55 (1936)). "A district court has the discretion to stay judicial proceedings pending

reexamination of a patent." *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp*., 2012 U.S.

Dist. LEXIS 186322, at *3 (C.D. Cal. Dec. 19, 2012) (citing *Ethicon,* 849 F. 2d 1422, 1426-27

(Fed. Cir. 1988)).   There is a liberal policy in favor of granting motions to stay proceedings

pending the outcome of PTO review, "especially in cases that are still in the initial stages of

litigation and where there has been little or no discovery." *Pi-Net Int'l, Inc. v. The Hertz Corp.*, 2013 U.S. Dist. LEXIS 81570, at \*4-5 (C.D. Cal. Jun. 5, 2013).

The reasons for this liberal policy are even greater now, given the statutory limitation on the length of IPR proceedings, and the legislative intent under the Leahy-Smith America Invents Act ("AIA") that these time-limited procedures be used to reduce litigation time and expense. *Id.* at \*11-13. Indeed, with the passage of the AIA, Congress created a faster, more streamlined, and more cost-effective alternative to litigation. *See* 35 U.S.C. §§ 311-319. This Court, and other across the country, have recognized that the AIA procedures have invariably shortened the length of a stay and increased the likelihood that the PTO's decision will make valuable contributions to the litigation. *See Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 614 (E.D. Tex. 2007) (Clark, J.) (granting stay as to three patents for which *inter partes* reexamination was requested); *Pi-Net Int'l*, at \*3-10 (expeditious AIA PTO validity trials encourage stays pending IPR review).

Courts in this District have frequently granted motions to stay pending PTO review of a patent-in-suit, applying the same three (3) factors in determining whether to grant a stay pending an IPR as they have applied in considering a stay pending an *inter partes* reexamination: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmovant, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and a trial date has been set. *See, e.g., Southwire Co. v. Cerro Wire, Inc.*, 750 F. Supp. 2d 775, 778 (E.D. Tex. 2010).

Indeed, as this Court has recognized, decisions in *inter partes* proceedings "will be binding on the parties, which will result in simplification." *Anascape*, 475 F. Supp. 2d at 617. Likewise, Judge Folsom has also articulated how a stay pending review of a patent's validity by the PTO benefits the court and parties in numerous ways, including:

4

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]

2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]

4. The outcome of the reexamination may encourage a settlement without the further use of the Court[;][4]

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]

6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]

7. The cost will likely be reduced both for the parties and the Court.

*Datatreasury Corp,* 490 F.Supp.2d 749, 754 (E.D. Tex. 2006).

**B.      The Present Litigation Should Be Stayed Pending Resolution Of The IPRs**

**1.      Plaintiff Will Not Be Unduly Prejudiced By A Stay**

The parties have agreed to stay this litigation pending resolution of the IPRs. The IPRs and this Joint Motion were both timely filed, with Medtronic filing its IPRs in less than six months after Plaintiff filed suit – well within the one year statutory deadline -- and less than a month after being served with Plaintiff's infringement contentions. Accordingly, there is no issue or dispute over undue prejudice as a result of the jointly requested stay.[5]

**2.      A Stay Will Simplify Issues, Regardless of the Outcome of the IPRs**

Granting the Joint Motion will undoubtedly simplify the issues in question in this case. In cases where, as here, all of the asserted claims will be before the PTO on review, courts have

---

[4] In connection with this Joint Motion, the parties have also agreed to complete the discovery referenced in fn. 2, and to continue to explore the possibility of a reasonable settlement during the pendency of the stay.

[5] As detailed above, by statute, an IPR must be concluded within 12 to 18 months.  The length of this expedited IPR process has been held insufficient to demonstrate undue prejudice to the non-moving party. *Cameras Onsite LLC v. Digital Management Solns., Inc.*, 2010 U.S. Dist. LEXIS 28648, at *7 (S.D. Tex. Mar. 24, 2010) (citing *Alza Corp. v. Wyeth*, 2006 U.S. Dist. LEXIS 94962, at *1 (E.D. Tex. Nov. 21, 2006)). In the unlikely event that the PTO declines Medtronic's petitions, "the stay will be relatively short." *Star Envirotech*, 2013 U.S. Dist. LEXIS 58866, at *6. Moreover, the estoppel provision of the IPR statute reduces any prejudice concerns as a consequence of a stay. *See* 35 U.S.C. § 315(e)(2); *Echostar Tech. Corp. v. TiVo, Inc.*, 2006 U.S. Dist. LEXIS 48431, at *9  (E.D. Tex. July 14, 2006) (estoppel provision of IPR statute is "an even more compelling reason to grant a stay"). The fact is, if the litigation were to continue, Plaintiff would be prejudiced by the significant time, effort, and costs of simultaneously litigating the patents in Federal Court and the PTO.

found that there is "a greater probability of simplifying the issues for trial." *Spa Syspatronic, AG v. VeriFone, Inc.*, 2008 U.S. Dist. LEXIS 34223 at *12 (E.D. Tex. Apr. 24, 2008).

Just last month, the Federal Circuit addressed the value of Patent Trials and Appeals Board ("PTAB") decisions in simplifying and streamlining issues before the trial court, and the weight to be afforded in considering a motion to stay pending PTAB review. *VirtualAgility Inc. v. Salesforce.com,* 2014 U.S. App. LEXIS 13015 (Fed. Cir. July 10, 2014).  In *VirtualAgility*, the Federal Circuit reversed a decision denying an accused infringer's motion to stay pending PTO review, which was submitted five months after the suit was filed and before PTO review was granted.  *Id.* at *15-18. The Federal Circuit emphasized that the PTAB's ability to simplify and streamline issues in the case, and the filing of the motion to stay at an early stage before the parties had filed their claim construction statement and with the fact discovery deadline more than six months away, all weighed heavily in favor of a stay. *Id.* at *15, 20-26.

The instant action was filed less than six months ago, and the claim construction hearing will not take place until January 27, 2015. "It is an indisputable waste of judicial resources to hold a *Markman* hearing, rule on discovery and dispositive motions, and conduct a trial, all at great expense to the parties, when the PTO's decision could render these proceedings moot or substantially alter the claims being litigated." *e-Watch, Inc. v. Lorex Can., Inc.,* 2013 U.S. Dist. LEXIS 138198, at *5 (S.D. Tex. Sept. 26, 2013) ("the continuation of this litigation will likely result in the unnecessary expenditure of the parties' and the court's time and resources on claims that may be fundamentally altered by the USPTO's determination regarding the patents-in-suit").

Indeed, the pending IPRs will simplify the issues because the asserted claims of the patents-in-suit will be: (1) cancelled; (2) amended; or (3) survive unchanged. If claims are cancelled, then the disputed issues will be significantly narrowed or even non-existent, no longer

*NY 244358677v3*

needing to be resolved by the Court. If claims are amended or limited, the associated IPR

proceedings become important in the context of claim construction, non-infringement, and

damages (e.g., intervening rights could remove any pre-IPR damages claims). As this Court has

recognized, "[c]ourts need not expend unnecessary judicial resources by attempting to resolve

claims which may be amended, eliminated or lucidly narrowed by the patent reexamination

process and the expertise of its officers." *Anascape*, 475 F. Supp. 2d at 615; *see also Biosig*

*Instruments v. Nautilus, Inc.*, 715 F.3d 891, 900 (Fed. Cir. 2013); *Spa Syspatronic*, at \*12-13

("[S]tatements made during the [IPR] become part of the prosecution history, which allows a full

development of the intrinsic evidence to be considered by the Court.")

Even if all claims are confirmed by the PTO without amendment, the record of the IPR

will assist this Court by reducing the length and complexity of this litigation by reducing the

number of issues to be resolved by this Court and/or the jury, and by informing the remaining

decisions. *e-Watch*, 2013 U.S. Dist. LEXIS 138198 at \*6 ("The USPTO's insight and expertise

regarding the validity of the patents would be of invaluable assistance to this court"). For

instance, estoppel provisions that attach in litigation when any defendant files an IPR petition

will limit Medtronic's available invalidity defenses at trial. *See* 35 U.S.C. §§ 315(e)(2); 311(b).

Accordingly, any subsequent discovery, summary judgment, and jury trial would be significantly

streamlined. *Star Envirotech, Inc*, 2013 U.S. Dist. LEXIS 58866, at \*6; *Emtel, Inc. v. Lipidlabs,*

*Inc.,* 2013 U.S. Dist. LEXIS 56312, at \*17 (S.D. Tex. Apr. 19, 2013); 35 U.S.C. § 315(e)(2).

And, the PTO may find that the "broadest reasonable construction" of the asserted claims

includes a requirement that is not present in the systems or methods accused of infringement.

Such a finding would preclude the possibility of infringement. *See Garmin Int'l, Inc. v. Cuozzo*

*Speed Techs. LLC*, No. IPR2012-00001, Paper No. 15, at 7 (PTAB Jan. 9, 2013) (Ex. J).

NY 244358677v3

Thus, for at least these reasons, the outcome of the IPR, whether instituted or not, will help simplify the issues in this case, and this factor weighs in favor of a stay.

### 3. The Early Stage of Discovery Weighs in Favor of a Stay

As stated above, this litigation is in its very early stages, with discovery close still a year away from now on August 15, 2015. The deadline to file dispositive motions is not until September of 2015. (Dkt. 22). Claim construction proceedings have not yet begun, with opening briefing not scheduled to occur for another three months. *Id.* The reality is, only very limited and incomplete discovery has occurred, with document productions only just beginning and no depositions having been taken.

This Court and others in this Circuit have granted motions to stay in cases at similar procedural postures, i.e., before claim construction issues have been decided and where the discovery process has barely begun, as well as where litigation was much more advanced. *Anascape*, 475 F.Supp.2d at 614; *e-Watch, Inc.*, at *7-8 (rejecting argument that litigation was too advanced to grant stay where parties had exchanged preliminary infringement and invalidity contentions and *Markman* hearing was two months away). Thus, because "[t]here is more work ahead of the parties and the Court than behind the parties and the Court," this factor also weighs in favor of a stay. *Semiconductor Energy Lab*, at *5.

### C. A Stay Should Be Granted Now: There Is No Need To Wait For The Patent Office's Decision To Institute An IPR

Courts routinely grant motions to stay where a petition for PTO has been filed but not yet instituted. *Anascape*, 475 F. Supp. 2d at 614 (granting stay after petitions for review were filed but not yet granted); *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, 2014 U.S. Dist. LEXIS 58770, at *1 (N.D. Cal. Apr. 28, 2014) (same). Based on the statistical evidence and the strength of the prior art references before the PTO, there is a high probability that Medtronic's IPR

8

petitions will be accepted for trial by the PTAB. The parties wish to resolve certain invalidity issues at the PTO to help streamline the litigation and to reduce the overall costs and discovery burden.   Failure to grant an immediate stay would eviscerate this purpose, resulting in unnecessary litigation expenses and expenditures of time for the parties and the Court.   If this Court waits for the PTO to rule on institution of any of the IPRs, such decision may not issue until the deadline - in January 2015 – by which point the parties would need to have invested substantially more time and resources in discovery, filed claim construction briefs and would be on the eve of the *Markman* hearing. The parties agree that significant savings in resources of both the parties and the Court will be achieved by a stay if one or more of the petitions are granted and, therefore, respectfully submit that an immediate stay of the present action is appropriate and warranted under the circumstances. *Capriola Corp v. LaRose Indus. LLC*, 2013 U.S. Dist. LEXIS 65754 at \*6 (M.D. Fla. Mar. 11, 2013) ("[I]f the PTO declines *inter partes* review, little time is lost, but if PTO grants *inter partes* review, the promise is greater for an important contribution by the PTO to resolution of the governing issues in the litigation").[6]

**CONCLUSION**

For the foregoing reasons, the parties jointly request that this case be stayed pending resolution of the three IPR petitions.

Dated:  August 12, 2014                    **GREENBERG TRAURIG, LLP**

                    By:    */s/* Mary-Olga Lovett

                           Mary-Olga Lovett
                           Texas Bar No. 00789289

---

[6] Even if this Court is not inclined to grant a stay at this time, the parties respectfully request that the Court either reserve decision on the motion pending the PTO's decision to institute the IPR, and/or grant them leave to renew their motion pending that decision. *See American Vehicular Sciences v. Toyota Motor Corp.*, Case No. 6:12-CV-00404-JDL (Dkt. No. 194, E.D. Tex. Jan. 8, 2014 and Dkt. No. 211, Feb. 19, 2014) (Decisions attached as Exs. K and L, respectively).

9

Federal Bar No. 17743
Email: lovettm@gtlaw.com
Aimee M. Housinger
Texas Bar No. 24083203
Email: housingera@gtlaw.com
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone: (713) 374-3541
Facsimile: (713) 754-7541

Scott J. Bornstein
Email:   bornsteins@gtlaw.com
Richard Pettus
Email:  pettusr@gtlaw.com
Julie P. Bookbinder
Email: bookbinderj@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile:  (212) 801-6400

**ATTORNEYS FOR MEDTRONIC, INC.**

GRAY, REED & McGRAW, PC


By:____/s/ David G. Henry, Sr.

DAVID G. HENRY, SR.
State Bar No. 09479355
1601 Elm Street; Ste. 4600
Dallas, Texas 75201
(469) 320-6056
(214) 953-1332 (Facsimile)
dhenry@grayreed.com

JAMES L REED, JR
Texas Bar No. 16679200
jreed@grayreed.com
MICHAEL A. ACKAL, III
Texas Bar No. 24045367
mackal@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

10

Telephone: (713) 986-7000
Facsimile: (713) 986-7100

**ATTORNEYS FOR MARK BARRY, MD**

11

## CERTIFICATE OF SERVICE

I hereby certify hereby that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 12th day of August, 2014.

*/s/* Mary-Olga Lovett
Mary-Olga Lovett

*NY 244358677v3*