IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK A. BARRY, M.D., § | | |
| § | | |
| Plaintiff, § | | Civil Action 1:14-cv-00104 |
| § | | |
| v. § | | Judge Ron Clark |
| § | | |
| § | | Jury Trial Demanded |
| MEDTRONIC, INC., § | | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S EMERGENCY MOTION TO COMPEL**

Plaintiff Dr. Barry respectfully files this Emergency Motion to Compel Defendant Medtronic to go forward with a 30(b)(6) deposition on July 28 and 29, 2015, as scheduled, on the limited damages discovery identified by the Court at the May 7, 2015 conference. Medtronic unilaterally picked July 28 and 29 as the dates for the deposition and refused any request to compromise on the dates. But now, Medtronic refuses to go forward with the deposition on those dates because it does not want Plaintiff's attorneys from the Gray Reed law firm to take or participate in depositions of Medtronic's witness(es) while Medtronic's Motion to Disqualify Gray Reed is pending.

Medtronic further objects to Gray Reed seeing Medtronic's confidential information on damages, or on other matters – most important, claim construction – while Medtronic's Motion to Disqualify is unresolved. Medtronic has interfered with both damages and claim construction – a problem this Court sought to avoid, not promote, at the May 7, 2015 conference.

Medtronic has created this emergency by blocking Dr. Barry from prosecuting his claims with his counsel.

Dr. Barry respectfully requests an immediate hearing in person or by phone.

## BRIEF OVERVIEW OF THE DISPUTE

At a May 7, 2015, telephonic hearing, the Court instructed the parties to promptly take limited depositions. (Dkt. 45.) First, Medtronic was to depose David Henry of Gray Reed relating to his role in the prosecution of the patents-in-suit due to Medtronic's concerns over possible disqualification and potential inequitable conduct. Second, Dr. Barry was to depose Medtronic corporate representatives to resolve certain issues relating to the potential scope of damages in this case. Although Medtronic's stated purpose for deposing Mr. Henry was to explore his role in prosecution and disqualification, Medtronic said nothing at the May 7, 2015 hearing about barring Gray Reed from taking discovery, nor did Medtronic mention restrictions it would impose on claim construction.

Mr. Henry hoped to avoid litigation over disqualification and voluntarily offered to withdraw and wall himself off from representation of Dr. Barry. Medtronic opposed this Motion wanting no less than disqualification of the entire firm. Mr. Henry was deposed on June 10, 2015. About two weeks later, Medtronic filed a Motion to Disqualify the entire Gray Reed firm, not just Mr. Henry, as counsel for Dr. Barry. (Dkt. 54.) Medtronic's motion is based on an unpled inequitable conduct defense, which it asserts would cause Mr. Henry to be a witness; and the argument that if Mr. Henry cannot appear as an advocate at trial, the entire Gray Reed firm should be disqualified from the entire lawsuit.

Medtronic also argued that Gray Reed should be disqualified as a sanction for a supposed misrepresentation by Mr. Henry at the June 16, 2014, case management conference, and a smattering of other reasons that were laced in footnotes and asides in the Motion.

Gray Reed and its client, Dr. Barry, filed a response to Medtronic's Motion on July 10, 2015. (Dkt 60.) They hotly dispute the Motion, its baseless allegations and its misconstruction of the law. Mr. Henry and Gray Reed vehemently deny any misrepresentation occurred.

Separately, as instructed by the Court, Dr. Barry noticed a Rule 30(b)(6) deposition on some of the damages issues in this case, as discussed at the May 7, 2015 hearing. Medtronic complained about the scope of the notice, saying it was beyond that permitted by the Court during the May 7 telephonic hearing. To avoid a dispute and move forward, on June 13, Dr. Barry served a narrowed notice after review of Medtronic's complaints, for a deposition to occur on July 21, 2015. On June 15, Dr. Barry confirmed the original notice was withdrawn. (*See* Exhibit A, Amended Notice of Deposition.)

Three weeks after the amended notice was served, on July 7, 2015, Medtronic objected to the July 21 date for the deposition (as well as place and also all topics and many other aspects of the notice). (*See* Medtronic's Objections, Exhibit B.) On July 15, the parties had a meet and confer on the date, place, Medtronic's objections, and the topics for the limited damages deposition of Medtronic. At this time, Medtronic offered deposition dates of July 28 and 29 in Memphis. (Medtronic claims three witnesses are necessary over two days, but especially in light of the objections Medtronic interposed, it seems odd that so many people and so much time are required for the deposition.)

Because of the late notice of the deposition dates, attorneys from Plaintiff's counsel, Fish & Richardson P.C. ("Fish"), are not available due to prior commitments. Fish attorney David Healey had hoped to participate, and he asked Medtronic to move the deposition up a day or more, since he had to leave the country. But Medtronic refused. Thus, Gray Reed will be the only firm

representing Dr. Barry at the deposition. Gray Reed is plaintiff's lead counsel, and James Reed and Michael Ellis will take the deposition.

On Friday, July 17, counsel for Medtronic sent an email to Gray Reed stating that it would not permit Gray Reed to take or otherwise participate in the deposition because of the pending motion to disqualify. (Exhibit C.) Medtronic attempted to dictate that Dr. Barry only have Mr. Healey take the deposition, regardless of his role in supporting Gray Reed, or his scheduling conflict. Medtronic cannot dictate Dr. Barry's staffing nor can it unilaterally exclude Gray Reed from the case.

Further, claim construction is currently in-process, and the parties have exchanged lists of terms as well as definitions proposed for those terms. This process is hindered by Medtronic refusing to allow Gray Reed to access documents produced by Medtronic pursuant to Local Patent Rules 3-3 and 3-4.

## ARGUMENT

Medtronic is improperly attempting to dictate how Dr. Barry's chosen counsel, Gray Reed, prosecutes this lawsuit. Gray Reed and Dr. Barry view Medtronic's Motion to Disqualify the entire Gray Reed firm as frivolous, but regardless of its merit, the Motion does not give Medtronic license to disrupt Dr. Barry's Court authorized discovery or claim construction.

There is a protective order in this case (Dkt. 17) and the "attorney as witness" rules permit the attorney witness to participate in pre-trial litigation. Even so, the Gray Reed attorneys who might be witnesses have voluntarily walled themselves from representing Dr. Barry in this lawsuit to avoid just these types of tactics by Medtronic. (Dkt 51.) The Gray Reed attorneys working on the case, James Reed and Michael Ellis, have not been accused of any wrongdoing by Medtronic and would not be witnesses if Medtronic pleads inequitable conduct because there were not in any

4

way involved in the prosecution of the patents-in-suit. Moreover, Mr. Reed and Mr. Ellis have not and are not working on any current patent prosecution for Dr. Barry.

Furthermore, while Dr. Barry has other counsel, Fish & Richardson, Gray Reed is lead counsel, with Fish supporting, and Gray Reed will be active in the deposition regardless of when it occurs or Fish's presence. During the July 15 meet and confer, Medtronic was informed that Fish's primary attorney on the case, Mr. Healey, was unavailable for the dates proposed by Medtronic. But Medtronic refused to move the depositions to start earlier – either this week or July 27 – to compromise on the conflict.

The real issue, however, is not Mr. Healey's schedule, but Medtronic's attempt to dictate how Dr. Barry staffs his case and impose its unilateral limitations on the lawsuit – disrupting both discovery and claim construction.  This cannot be permitted.

## **CONCLUSION**

Medtronic is attempting to use its Motion to Disqualify to dictate who Dr. Barry uses to prosecute his case and on what terms.

Dr. Barry requests an immediate hearing with the Court by phone or in person to stop Medtronic's tactics.

Dr. Barry further requests the Court compel Medtronic to permit Gray Reed to depose the witnesses identified by Medtronic on the previously offered dates of July 28 and 29, 2015; review the confidential documents produced for that deposition; review all Medtronic confidential documents produced in connection with claim construction, pursuant to the local patent rules; and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 20, 2015 | GRAY, REED & McGRAW, PC |
| | By: _/s/ Jim L. Reed_____ |

David G. Henry, Sr.[1]
State Bar No. 09479355
dhenry@grayreed.com
James L. Reed, Jr.
Texas Bar No. 16679200
jreed@grayreed.com
Michael D. Ellis
Texas Bar No. 24081586
mellis@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100

FISH & RICHARDSON P.C.

David J. Healey
State Bar No. 09327980
healey@fr.com
John R. Lane
State Bar No. 24057958
jlane@fr.com
1221 McKinney Street, Suite 2800
Houston, TX 77010
(713) 654-5300
(713) 652-0109 (Telefax)

**ATTORNEYS FOR PLAINTIFF**
**MARK A. BARRY, MD**

---

[1] Plaintiff has filed a motion to withdraw Mr. Henry as counsel from this case (Dkt. 51), but it has not been ruled on, and therefore he is still listed as lead counsel.

## CERTIFICATE OF CONFERENCE

Present for Dr. Barry were Jim Reed, Michael Ellis, and David Healey. Present for Medtronic were Richard Pettus, John Handy, and Allan Kassenoff. Conference began by phone around 3:00pm on July 15, 2015. There were extensive discussions relating to the issues of timing of the deposition, the topics, what documents Medtronic would produce, and whether it would state an objection to Gray Reed participating. Also discussed is whether Medtronic's objection to Gray Reed's participation would otherwise change the nature of the deposition. Dr. Barry's counsel could not determine the scope of documents and witnesses Medtronic was providing because Medtronic's counsel would not take positions on questions prior to the deposition. Counsel for Dr. Barry also asked to change the date from July 28th and 29th to July 27th and 28th or sooner, so that Mr. Healey of Fish & Richardson could participate with Gray Reed, but this was refused. On the call, Medtronic would not confirm that it would do more than object to Gray Reed taking the deposition on 28th and 29th, or that it would be a restricted or limited deposition because of Gray Reed's participation. Counsel for Medtronic did state that it would need to confer with his client, and the July 17, 2015 email (Exhibit C) is that response. Efforts to resolve this issue are at an impasse after extensive discussion and Medtronic's final written response.

 /s/ *Jim L. Reed*
James L. Reed

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2015, a true and correct copy of the foregoing document was served upon all known counsel of record through the Court's ECF system pursuant to Federal Rule of Civil Procedure 5(b)(3) and Local Rule CV-5.

 /s/ *Michael D. Ellis*
Michael D Ellis