## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK A. BARRY, M.D., | § | |
| | § | |
| Plaintiff, | § | Civil Action 1:14-cv-00104 |
| | § | |
| v. | § | Judge Ron Clark |
| | § | |
| MEDTRONIC, INC., | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
### TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS

Plaintiff Dr. Mark A. Barry ("Dr. Barry") files this Answer and Affirmative Defenses to Defendant Medtronic, Inc.'s ("Medtronic") first amended counterclaims as set forth in Medtronic's Inc.'s Answer, Defenses and Counterclaims to Plaintiff's First Amended Complaint (Dkt. 77.) The paragraphs set forth in this document are numbered to correspond with the paragraph numbers in Medtronic's Counterclaims, paragraph Nos. 139-154. (Dkt. 77.) Dr. Barry also provides a response to Medtronic's Eleventh Affirmative Defense (paragraphs 114-137 of Dkt. 77) to the extent that Medtronic intends for these paragraphs to form the basis for its Counterclaim III.

Dr. Barry states and alleges on knowledge, information, and belief as follows. Except as expressly admitted below, Dr. Barry denies each and every allegation in Medtronic's counterclaims.

### MEDTRONIC'S ELEVENTH DEFENSE
(Alleged Inequitable Conduct)

114.    Dr. Barry denies the allegations of Paragraph 114.

115.    Dr. Barry denies the allegations of Paragraph 115.

116.    Dr. Barry admits that the initial patent application for the Asserted Patents was filed on December 30, 2004. Plaintiff's discovery responses and Mr. Henry's deposition transcript speak for themselves. Dr. Barry denies all other allegations contained in Paragraph 116.

117.    Dr. Barry admits that he presented the results of 21 surgeries in an abstract and gave a presentation regarding the same at the July 2004 IMAST conference, but that the Abstract and presentation speak for themselves.  Dr. Barry denies all other allegations contained in Paragraph 117.

118.    Dr. Barry admits that he provided Barry's Responses to Interrogatories Nos. 1 and 2, and Requests for Admission No. 6, which speak for themselves.  Dr. Barry denies all other allegations contained in Paragraph 118.

119.    Dr. Barry admits that he provided a declaration in July 2015, which speaks for itself. Dr. Barry denies all other allegations contained in Paragraph 119.

120.    Dr. Barry admits that he has provided a Response to Interrog. No. 2 and Response to Requests for Admission Nos. 8-17, which speak for themselves.  Dr. Barry denies all other allegations contained in Paragraph 120.

121.    Dr. Barry admits that Medtronic served an Interrogatory No. 2 and Dr. Barry provided a response, which speaks for itself.  Dr. Barry denies all other allegations contained in Paragraph 121.

122.    Dr. Barry denies the allegations of Paragraph 122.

123.    Mr. Henry's deposition transcript speaks for itself.  Dr. Barry admits that Mr. Henry prepared a patent on behalf of Dr. Barry.  Dr. Barry admits that U.S. Patent No. 7,670,358 states "[i]n investigative procedures, the presently proposed system and method has achieved measure of correction of scoliatic curvature never before seen in orthopedic practice" (*see, e.g.*, '358 Patent at 4:7-10) and also states that "[n]othing in the prior art satisfies these requirements, either individually or in combination" (*see, e.g.*, '358 Patent at 3:5-6).  Dr. Barry denies all other allegations contained in Paragraph 123.

124.    Dr. Barry admits that the description for Figure 6 in all three of the asserted patents includes the phrase, "is a three frame x-ray view showing 'before and after' views of a scoliosis patient who was treated in an investigational procedure using the system and method of the present invention. The curvature correction was substantially to normal, and lumbar motion was preserved

notwithstanding." ('358 Patent at 4:38-43; '072 Patent at 4:41-46; '121 Patent at 4:44-49), and that

the specification for each of the asserted patents also includes the phrase, "[a]s shown in FIG. **6,**

investigative practice of the present 60 method achieves efficacy never before seen in the

orthopaedic field. The 'before picture' is the left hand image of FIG. **6,** and the two remaining

images are sagittal and dorsal views of the corrected spinal column" ('358 Patent at 5:60-64; '072

Patent at 6:7-11; '121 Patent at 6:10-14).   Dr. Barry denies all other allegations contained in

Paragraph 124.

125.    Dr. Barry admits that he provided a Response to Requests for Admission Nos. 1-3 and

7, Responses to Interrogatory No. 2, and Amended Resp. Interrog. No. 1, which speak for themselves.

Dr. Barry denies all other allegations contained in Paragraph 125.

126.    Dr. Barry denies the allegations of Paragraph 126.

127.    Any oaths or declarations Dr. Barry signed in connection with the applications for the

patents in suit speak for themselves.   Dr. Barry denies all other allegations contained in Paragraph

127.

128.    Dr. Barry admits that Mr. Henry testified at his deposition.   The deposition transcript

speaks for itself.   Dr. Barry denies all other allegations contained in Paragraph 128.

129.    Dr.   Barry   admits   that   he   was   provided   the   referenced   document

[DR.BARRY000607], and that the referenced document contains the phrase, "To comply with the

duty of disclosure, it is necessary for you to provide us with copies of the following documents and

information relating to the invention claimed in the allegation…information regarding sales, uses or

public disclosures of the invention or productions similar to the invention." Dr. Barry denies all other

allegations contained in Paragraph 129.

130.    Dr. Barry admits that he has provided interrogatory responses, including a Response

to Interrogatory No. 2, and that Mr. Henry has provided deposition testimony, both of which speak

for themselves.   Dr. Barry denies all other allegations contained in Paragraph 130.

131.    Dr. Barry admits that he has provided interrogatory responses, which speak for themselves.  Dr. Barry denies all other allegations contained in Paragraph 131.

132.    Dr. Barry admits that he conducted multiple surgeries more than a year before filing his patent applications.  Dr. Barry denies all other allegations contained in Paragraph 132.

133.    Dr. Barry admits that 37 C.F.R. 10.18, which speaks for itself, states in part that, "(2) To the best of the party's knowledge, information and belief, formed after an inquiry reasonable under the circumstances … (iii) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  Dr. Barry denies all other allegations contained in Paragraph 133.

134.    Dr. Barry admits that Mr. Henry testified at a deposition.  The deposition transcript speaks for itself.  Dr. Barry denies all other allegations contained in Paragraph 134.

135.    Dr. Barry denies the allegations of Paragraph 135.

136.    Dr. Barry denies the allegations of Paragraph 136.

137.    Dr. Barry denies the allegations of Paragraph 137.

## MEDTRONIC'S COUNTERCLAIMS

### PARTIES

139.    Upon information and belief, Dr. Barry admits that Medtronic is a corporation organized under the laws of the State of Minnesota.  Dr. Barry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 139 and on that basis denies the allegations.

140.    Dr. Barry admits that he is an individual residing in Hawaii.  Dr. Barry admits that he is the owner, subject to license rights granted to a third party, of all rights, title, and interest in and under the hereinafter enumerated United States patents and has standing to sue for the past, present, and future infringement of such patents.

## JURISDICTION AND VENUE

141.    Dr. Barry admits that the Court has subject matter jurisdiction over the allegations contained in Medtronic's counterclaims.

142.    Dr. Barry admits that the Court has personal jurisdiction over Dr. Barry for this matter.

143.    Dr. Barry admits that venue in this district is proper for this matter.

## COUNT I
### (Alleged Non-Infringement of the Asserted Patents)

144.    No response is required to Paragraph 144.  Dr. Barry relies on the above responses and incorporates said responses as if fully set forth herein. To the extent a response is otherwise required, Dr. Barry denies such allegations.

145.    Dr. Barry denies the allegations of Paragraph 145.

146.    Dr. Barry denies the allegations of Paragraph 146.

147.    Dr. Barry denies that Medtronic is entitled to the declaration of the Court requested in Paragraph 147.

148.    Dr. Barry denies that Medtronic is entitled to the declaration of the Court requested in Paragraph 148.

## COUNT II
### (Alleged Invalidity of the Asserted Patents)

149.    No response is required to Paragraph 149.  Dr. Barry relies on the above responses and incorporates said responses as if fully set forth herein. To the extent a response is otherwise required, Dr. Barry denies such allegations.

150.    Dr. Barry denies the allegation of Paragraph 150.

151.    Dr. Barry denies that Medtronic is entitled to the declaration of the Court requested in Paragraph 151.

## COUNT III
### (Alleged Unenforceability of the Asserted Patents Due to Inequitable Conduct)

152.    No response is required to Paragraph 152.  Dr. Barry relies on the above responses, including Dr. Barry's responses to Medtronic's Eleventh Affirmative Defense paragraphs 114-137 herein, and incorporates said responses as if fully set forth herein.  To the extent a response is otherwise required, Dr. Barry denies such allegations.

153.    Dr. Barry denies the allegations of Paragraph 153.

154.    Dr. Barry denies that Medtronic is entitled to the declaration of the Court requested in Paragraph 154.

### RESPONSE TO MEDTRONIC'S PRAYER FOR RELIEF

Dr. Barry denies that Medtronic is entitled to any of the relief as set forth in paragraphs (a) to (f) in its prayer for relief, or any relief for the allegations made in its counterclaims.

### AFFIRMATIVE DEFENSES

#### Failure to State a Claim

155.    Medtronic's counterclaims fail to state a claim upon which relief may be granted.

#### Supplementation/Reservation

156.    Dr. Barry reserves the right to supplement these defenses as additional information becomes available or apparent during discovery.

### DR. BARRY'S PRAYER FOR RELIEF

Dr. Barry respectfully prays for the following relief:

A.    That the Court enter judgment dismissing Medtronic's counterclaims and all claims stated therein with prejudice;

B.    That Medtronic take nothing by its claims;

C.    That Medtronic be ordered to pay attorney's fees and costs to Dr. Barry and any such additional amount that appears reasonable to the Court; and

D.      That Dr. Barry be awarded such other and further relief as the Court deems Dr. Barry

        may be entitled to in law and equity.


Dated: September 4, 2015                    Respectfully submitted,


                                            FISH & RICHARDSON P.C.

                                            By: */s/ John R. Lane*___

                                            David J. Healey
                                            State Bar No. 09327980
                                            healey@fr.com
                                            John R. Lane
                                            State Bar No. 24057958
                                            jlane@fr.com
                                            Michael R. Rueckheim
                                            State Bar No. 24081129
                                            1221 McKinney Street, Suite 2800
                                            Houston, TX 77010
                                            (713) 654-5300
                                            (713) 652-0109 (Telefax)

                                            Thomas M. Melsheimer
                                            Texas Bar No. 13922550
                                            melsheimer@fr.com
                                            FISH & RICHARDSON P.C.
                                            1717 Main Street, Suite 5000
                                            Dallas, TX 75201
                                            Telephone: 214-747-5070
                                            Facsimile: 214-747-2091

                                            ***ATTORNEYS FOR PLAINTIFF***
                                            ***MARK A. BARRY, MD***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 4, 2015, a true and correct copy of the foregoing document will be served upon all known counsel of record through the Court's ECF system pursuant to Federal Rule of Civil Procedure 5(b)(3) and Local Rule CV-5.

/s/  *Michael Rueckheim*
Michael Rueckheim