IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **MARK A. BARRY, MD,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**MEDTRONIC, INC.,**<br><br>    **Defendant.** | Civil Action No. 1:14-cv-00104-RC<br><br>Judge Ron Clark |

**EMERGENCY MOTION OF DEFENDANT MEDTRONIC, INC. TO
ENFORCE AND COMPEL COMPLIANCE WITH THE COURT'S
ORDERS ON MEDTRONIC'S MOTION TO COMPEL AND FOR SANCTIONS**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Defendant Medtronic, Inc. ("Medtronic") respectfully moves this Court to compel Plaintiff Mark A. Barry, M.D. ("Plaintiff") to produce documents for which the attorney-client privilege has been waived (*see* Order Granting In Part Defendant's Motion To Compel (Dkt. 178) (the "May 9 Order")), and as expressly ordered by the Court at the March 22, 2016 Evidentiary Hearing ("Hearing") on the parties' motions to compel (collectively, the "Orders"). In addition, because the Court's Orders clearly and unambiguously require Plaintiff to produce the subject documents, Medtronic respectfully requests, pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, that the Court order Plaintiff to pay Medtronic's costs and fees incurred with bringing the instant motion. In support of this motion, Medtronic states as follows:

**I.     FACTUAL BACKGROUND**

On December 23, 2015, Medtronic filed a motion to compel discovery relating to Medtronic's inequitable conduct defense, including communications, documents, testimony, and information based on Plaintiff's waiver of the attorney-client privilege. (Dkt. 125 at 1). On May 9, 2016, the Court partially granted Medtronic's motion to compel, finding that "Dr. Barry has

1

waived the attorney-client privilege for the questions at issue." (Dkt. 178 at 1). Specifically, the Court found the following waivers:

- Mr. Henry Has Waived Any Privilege Regarding His Duty to Disclose the IMAST Abstract to the USPTO and Whether Mr. Henry Considered the IMAST Abstract Material Under His Duty of Disclosure (*Id.* at 13);

- Mr. Henry Has Waived Any Privilege Regarding His Duty to Investigate the Dates of the Prior Art Surgeries and Whether the Prior Art Surgeries Used the Method or Apparatus of the Invention (*Id.* at 15);

- Mr. Henry Has Waived Any Privilege Regarding His Knowledge of Whether the Prior Art Surgeries Used the Method or Apparatus of the Invention (*Id.* at 16);

- Mr. Henry Has Waived Any Privilege Regarding the Origin and Discovery of the Figure 6 Error and Why the Figure 6 Surgery Did Not Practice the Invention (*Id.* at 18); and

- Mr. Henry Has Waived Any Privilege Regarding His Knowledge of the Dates of Prior Art Surgeries (*Id.* at 19).

The Court also found waivers with respect to specific deposition questions posed to Mr. Henry, and ordered Mr. Henry to appear for a further deposition by June 10, 2016. (*Id.* at 21-33, 35). Needless to say, the Court's finding of waiver of the attorney-client privilege requires Dr. Barry to produce any documents that had previously been withheld pursuant to that privilege.

Furthermore, if there were any doubt as to Dr. Barry's obligation to produce such previously withheld documents, the Court clearly and unambiguously ordered Plaintiff to do so at the Hearing:

> The final is the communications regarding the prior surgeries and the – ***I am going to order***, because of what I said before about the IMAST abstract and IMAST presentation, ***that Dr. Barry should produce documents containing or referencing communication between himself and Mr. Henry*** even if those documents are not – whether or not they are communications between him back and forth that relate to the disclosure of experimental surgeries referenced in the IMAST abstract and IMAST presentation, in other words, if there are e-mails or letters saying "Here's what we did" or "Here's when it was" and so forth.
>
> Now, at this point the waiver is not going to extend to communications from counsel on legal advice such as, "Well, hold off on filing the suit now" or legal matters coming from counsel back on that. Let me look at the – as I said before, let me look at his deposition and – Mr. Henry's deposition and decide how

2

> I'm going to rule on those objections. ***But communications from Mr. Barry to counsel in terms of setting out discussion of or disclosure of these experimental surgeries that are referenced in the IMAST abstract or the IMAST presentation, those need to be disclosed.***
>
> If counsel believes that some communication is so intertwined with a request for legal advice, then submit it in camera; and I'll take a look at it. But if it's in terms of, well, here's the surgical records of this surgery or that surgery or here's the whatever – I'm just not sure what all it would have been. ***But if it's communications relating directly to the surgeries – now, of course, all of this is disclosed,*** especially if there is any patient information in any of that stuff, ***pursuant to the confidentiality order.***

(Ex. A, Hearing Tr. 103:13-104:21 (emphasis added); *see also* Dkt. 161 ("Court heard arguments on D's Motion to Compel (Doc#125) and ***discussed ruling on the record***.") (emphasis added)).

To facilitate taking Mr. Henry's deposition, Medtronic requested that Plaintiff comply with the Court's Orders and produce "documents containing or referencing communication between [Dr. Barry] and Mr. Henry relating to discussion of or disclosure of these experimental surgeries that are referenced in the IMAST abstract or the IMAST presentation." (Ex. B, May 23, 2016 Letter). Medtronic also requested that Dr. Barry "produce any documents or communications that fall within the scope of the waivers identified by the Court." (*Id.*). In response, Plaintiff refused to produce any documents, instead suggesting that Medtronic "raise this issue with the Court." (Ex. C, May 25, 2016 Letter). Medtronic likewise requested that Mr. Henry "produce all documents which are subject to the Court's waiver Order." (Ex. D, May 13, 2016 Letter). Mr. Henry's partner, Mr. Jim Reed, indicated Mr. Henry's refusal to do so, claiming that "Judge Clark did not, as we understand the order, order that any further documents will be produced." (Ex. E, May 23, 2016 email).

Both Dr. Barry and Mr. Henry should be ordered to immediately comply with the Court's Orders to produce the documents containing or referencing communication between himself and Mr. Henry relating to discussion of or disclosure of the allegedly experimental surgeries that are

3

referenced in the IMAST abstract or the IMAST presentation, as well as any other documents or communications that fall within the scope of the waivers identified by the Court in the May 9 Order. Moreover, Plaintiff should be required to pay Medtronic's costs and fees incurred in bringing this motion as a result of Plaintiff's failure to obey the Court's Orders.

## II. ARGUMENT

### a. Plaintiff Has Failed To Comply With The Court's Orders

This Court has broad authority to enforce its discovery orders. *See PYR Energy Corp. v. Samson Res. Co.*, 2007 U.S. Dist. LEXIS 8696, at *5 (E.D. Tex. Feb. 7, 2007). In this case, the Court found numerous waivers of the attorney-client privilege (Dkt. 178), reaffirmed in the Court's denial of Plaintiff's request for reconsideration of the May 9 Order (Dkt. 197), and expressly ordered Plaintiff to produce documents containing or referencing communication between himself and Mr. Henry relating to discussion of or disclosure of the allegedly experimental surgeries that are referenced in the IMAST abstract or the IMAST presentation. (Hearing Tr. 103:13-104:21). Plaintiff has no rejoinder to the Court's clear and unambiguous Orders, other than to characterize the oral order at the Hearing as "discussion." (Ex. F, May 26, 2016 email; *see also* Exs. B-C, May 23 and 25, 2016 Letters).

Dr. Barry and Mr. Henry disingenuously misread the Orders as only requiring Mr. Henry's further deposition, while allowing both of them to continue to withhold potentially material communications and other documents by maintaining a privilege that has been waived. (*See* Ex. C, May 25, 2016 Letter; Ex. F, May 26, 2016 email). There is no mention of the documents in the Order because the Court had already ordered at the Hearing that Plaintiff must produce them. (*See* Ex. A, Hearing Tr. 103:13-104:21). And, the May 9 Order unequivocally finds the privilege waivers listed above; Plaintiff has no basis to withhold discovery on those

NY 245890040v5

topics.  Indeed, in denying Plaintiff's motion for reconsideration of the May 9 Order, the Court found again that "Medtronic is entitled to discover, and then present, evidence that is not privileged, or for which the privilege has been waived." (Dkt. 197 at 6).  The documents that the Court ordered be produced at the Hearing fall squarely within the discovery that Medtronic is entitled to under the May 9 Order, and Plaintiff should be compelled to immediately produce them.

      **b.**    **The Court Should Award Medtronic Its Fees And Costs Incurred In Connection With The Instant Motion**

Federal Rule of Civil Procedure 37 expressly permits a court to issue sanctions for a party's failure to obey a discovery order.  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  Under Rule 37, "[b]oth parties and counsel may be held personally liable for expenses, including attorney's fees, caused by the failure to comply with discovery orders." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763 (1980) (internal quotation omitted).  Indeed, "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Personal Audio, LLC v. Apple, Inc.*, 2011 WL 6148587, at *2 (E.D. Tex. June 16, 2011) (Clark, J.) (quoting *Roadway Exp.*, 447 U.S. at 763-64).  "In addition to Rule 37, this Court also has inherent powers to enter sanctions." *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 2683181, at *6 (E.D. Tex. July 11, 2011) (awarding attorneys' fees and costs attributable to disobedient party's discovery abuses, in addition to $100,000 in civil contempt sanctions for willful and intentionally violating discovery order).

As set forth above, Dr. Barry and Mr. Henry have both willfully refused to produce documents as ordered by the Court.  Their baseless failure to produce these documents appears to be yet another improper effort to circumvent the Court's rulings on Medtronic's motion to

5

compel.  (*See* Pl.'s Emergency Motion to Stay and for Reconsideration of the Order (Dkt. 184)).  Not only should they be ordered – again – to produce the documents, but Plaintiff should also be required to pay Medtronic's costs and fees incurred in preparing and filing the instant motion.

### III.   CONCLUSION

For all of the reasons set forth above, Medtronic respectfully requests that the Court grant its Emergency Motion To Enforce And Compel Compliance With The Court's Orders On Medtronic's Motion to Compel And For Sanctions.

| | |
|---|---|
| Dated:  May 26, 2016 | **GREENBERG TRAURIG, LLP** |
| | By: */s/ Allan A. Kassenoff* <br> Mary-Olga Lovett <br> Texas Bar No. 00789289 <br> Federal Bar No. 17743 <br> Email: lovettm@gtlaw.com <br> Aimee M. Housinger <br> Texas Bar No. 24083203 <br> Email: housingera@gtlaw.com <br> 1000 Louisiana, Suite 1700 <br> Houston, TX 77002 <br> Telephone: (713) 374-3541 <br> Facsimile: (713) 754-7541 |
| | Scott J. Bornstein <br> Email: bornsteins@gtlaw.com <br> Allan A. Kassenoff <br> Email: Kassenoffa@gtlaw.com <br> Richard C. Pettus <br> Email: pettusr@gtlaw.com <br> Julie P. Bookbinder <br> Email: bookbinderj@gtlaw.com <br> Greenberg Traurig, LLP <br> MetLife Building <br> 200 Park Avenue <br> New York, New York 10166 <br> Telephone: (212) 801-9200 <br> Facsimile:  (212) 801-6400 |
| | **Attorneys for Medtronic, Inc.** |

## CERTIFICATE OF CONFERENCE

On May 26, 2016 Allan Kassenoff, Richard Pettus and Julie Bookbinder, counsel for Medtronic, conferred by phone with Sean DeBruine, counsel for Plaintiff.  Mr. DeBruine confirmed that Plaintiff opposes this motion. Discussions conclusively ended at an impasse, leaving an open issue for the Court to resolve.

/s/  <i>Allan A. Kassenoff</i><br>
Allan A. Kassenoff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on May 26, 2016.

By:  <i>/s/ Allan A. Kassenoff</i>
     Allan A. Kassenoff

NY 245890040v5