

Scott J. Bornstein
Tel 212.801.9200
Fax 212.801.6400
bornsteins@gtlaw.com

November 2, 2016

**VIA ECF**

The Honorable Ron Clark
U.S. District Court for the Eastern District of Texas
300 Willow Street, Suite 221
Beaumont, TX  77701

      Re: <u>Barry v. Medtronic, Inc., No. 1:14-cv-00104-RC</u>

Dear Judge Clark:

  I am writing to advise the Court of an issue arising under the October 24, 2016 Order Regarding Protection of Proprietary and/or Confidential Information to be Presented to the Court During Trial (Dkt. 370).  The proposed trial exhibits of both parties include documents produced by Plaintiff's licensee, Biomet, Inc. ("Biomet") in response to a subpoena served by Medtronic, Inc. ("Medtronic") that are Protected Documents marked Confidential under the Protective Order.  While third-party Biomet has agreed to lift its confidentiality designation for a handful of these documents, it is maintaining the designation for most of them.[1]  A brief synopsis of this issue follows.

  On October 27, prior to the Pretrial Conference, the parties jointly advised Biomet's counsel of the upcoming trial, and that several documents produced by Biomet are included on the trial exhibit lists.  The parties also advised Biomet that the Court has made clear its desire not to seal the courtroom during trial, and that the Court instructed the parties to minimize any confidentiality issues that would require the same. After the Pretrial Conference, the parties identified to Biomet the specific Biomet documents included on their respective exhibit lists.  On October 31, at the request of Biomet, Plaintiff confirmed that he will not request that any of the Biomet-produced documents be treated as Confidential.  Likewise, Medtronic will not be requesting the Court to treat the Biomet documents marked as exhibits as Confidential.

  Paragraph 10 of the Third Amended Protective Order (Dkt. 274) provides as follows:

> 10. To the extent that Protected Materials or information contained therein are used in depositions, such documents or information shall remain subject to the

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY

* OPERATES AS GREENBERG TRAURIG MAHER LLP
+ OPERATES AS GREENBERG TRAURIG, S.C.
^ A BRANCH OF GREENBERG TRAURIG, P.A. FLORIDA, USA
~ OPERATES AS GREENBERG TRAURIG GRZESIAK sp.k.
∞ OPERATES AS GREENBERG TRAURIG LLP FOREIGN LEGAL CONSULTANT OFFICE
** STRATEGIC ALLIANCE

---

[1] On November 1, Biomet agreed to de-designate a total of 12 Confidential documents of the 130 identified by Plaintiff and 26 identified by Medtronic, noting that another 3 documents were not marked as Confidential.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ NEW YORK, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400
NY 246109002v1

provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Materials or information contained therein. **If such material is used at trial or in hearings, the parties may seek separate order to seal the documents.**

Consequently, Medtronic believes that the Order requires Biomet to seek a separate order to seal the documents, should Biomet desire that these exhibits be treated as confidential at trial. Otherwise, these documents should not require confidential treatment at trial.

     A copy of this letter is being sent to Biomet so it is on notice with respect to the need to seek a sealing order from the Court with respect to the exhibits in this case if it so chooses.

     Respectfully submitted,

     */s/ Scott J. Bornstein*

     Scott J. Bornstein

cc:    all counsel of record

Theodore M. Budd, Esq. (counsel to Biomet)
(via email: ted.budd@FaegreBD.com)