IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| MARK A. BARRY, M.D., | Civil Action No. 1:14-cv-104 |
| Plaintiff, | **CHIEF JUDGE RON CLARK** |
| v. | |
| MEDTRONIC, INC., | |
| Defendant. | |

## IN LIMINE RULINGS ON OBJECTIONS TO DEPOSITION TESTIMONY TO BE PLAYED ON NOVEMBER 3, 2016 (Part 2 –Pfefferkorn)

The court enters these in limine rulings regarding objections to designations of witness Pfefferkornon the attached chart.

So **ORDERED** and **SIGNED** this **4** day of **November, 2016.**

_____
Ron Clark, United States District Judge

Pursuant to the Pretrial Order (ECF No. 386) and agreement of the parties, Plaintiff Mark A. Barry, M.D. ("Dr. Barry") hereby submits the parties' unresolved objections to the deposition testimony of Richard Cuellar, Robert Pfefferkorn, and Janice Munro (and associated exhibits), which Dr. Barry intended to be played at trial on November 3, 2016. On November 1-2, 2016, the parties met and conferred, and the unresolved objections are included in the tables enclosed herewith. The parties respectfully request the Court's ruling on these issues so that the final deposition videos can be prepared this evening.

## Robert Pfefferkorn

*Medtronic's Objections to Dr. Barry's Designations, Counter-Designations, and Exhibits*

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 46:7-15 | MIL 2<br><br>This testimony does not relate to "confidentiality in general or confidentiality that exists independent of written nondisclosure agreements" as Plaintiff contends. Rather, as Plaintiff admits, the witness "testifies as to his understanding that there was a written agreement, but then goes on to state that he never had a copy and did not witness its signing." The Court's ruling on Medtronic's MIL 2 is clear. The Court excluded "written and digital nondisclosure agreements" that have not been produced by Dr. Barry "and references and allusions to the existence of such documents." (Dkt. 379 at 2). The designated testimony goes to the heart of what has been excluded and should not be played for the jury. | The Court's ruling on Medtronic's MIL 2 does not preclude testimony regarding confidentiality in general or confidentiality that exists independent of written nondisclosure agreements, including, for instance, whether they kept information confidential for reasons not connected to an unproduced written agreement. Witness testifies as to his understanding that there was a written agreement, but then goes on to state that he never had a copy and did not witness its signing. | Sustained |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 97:19-101:12<br>101:6-12<br>119:10-120:05<br>120:13-17<br>120:19-121:6 | Speculation | The testimony should not be excluded as speculative. The witness testified as to his memory of his work with Dr. Barry and the development of tools with Dr. Barry over a period of time. | Overruled |
| PX067, PX068, PX069 | FRE 801, 802, sponsorship, authentication | FRE 803(6). The documents were produced from the witness's own files. They are receipts made and transmitted to the witness at the time, and kept by the witness in the ordinary course of his regularly conducted business. The witness properly authenticated these documents at 117:4-119:19. | These exhibits are not attached to the copy of the deposition provided to the court, and Medtronic has not indicated the portion of the deposition testimony during which the exhibits were discussed without being authenticated and without having a proper predicate, or where an improper attempt to authenticate was made, or an improper predicate was laid. The court can not determine the specific ground for the objection or what part of the deposition testimony should be examined to make the ruling. Overruled. |

*Dr. Barry's Objections to Medtronic's Designations, Counter-Designations, and Exhibits*

| Lines | Dr. Barry's Objection | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 13:11-13:14 | FRE 611(c), leading. FRE 701, calls for a legal conclusion from a lay witness. | This testimony is preliminary to Medtronic's further designations. It does not offer expert testimony, but rather gives context for future testimony. | Sustained. |

| Lines | Dr. Barry's Objection | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 19:15-18<br>19:20-21<br>22:7-10<br>22:12 | MIL 10. The Court has excluded any testimony that implies or alludes to "failure to disclose to the court," "hiding from the court," and the like. | The testimony does not fall within the scope of Plaintiff's MIL 10. The remaining testimony contains no questions "phrased in terms of 'failure to disclose to the court' or 'hiding from the court' or 'breach of duty to the court' and the like." (Dkt. 378 at 10). Rather, the remaining designated testimony falls within the portion of Plaintiff's MIL 10 that was denied, namely "cross-examination concerning [the witness's] changes in testimony about the date." (Dkt. 378 at 10). | 19:15-18 sustained argumentative & violates ruling on Barry's MIL 10<br>19:20-21 statement makes no sense w/o context of question, to which objection was sustained.<br>22:7-10 sustained<br>22:12 sustained |
| 109:08-109:20<br>109:22-109:24<br>110:02<br>110:04-110:05<br>111:17-111:18<br>111:21-112:03<br>112:05-112:10<br>112:12-112:22<br>1112:25-113:02<br>113:04 | FRE 602, FRE401/402, FRE 403, FRE104(b), FRE 701. Lack of foundation, calls for speculation, lack of personal knowledge re whether Dr. Barry was satisfied with tools or surgery results and whether tools/technique worked for their intended purpose. | The designations at 109:18-20 and 109:22-24 give context to the next question, which would not be understood without the question and answer on page 109. This is included simply to allow the jury to understand the line of questioning. However, even if this were not included solely for the purpose of providing context, the witness does not speculate, but rather states that he does not know the answer to the question. | 109:8-13 overruled<br>109:14-17 sustained<br>109:18-24 overruled<br><br>110:2-5 Overruled. (delete objection)<br><br>111:17-18 overruled.<br><br>111:21-112:03 overruled<br><br>112:05-112:10 overruled<br><br>112:12-22 sustained<br><br>112-25 – 113:04 sustained |

| Lines | Dr. Barry's Objection | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| DX398 | FRE 802, the declaration is hearsay. Per the Court's ruling on Medtronic's MIL 6, parties may use sworn IPR declarations for cross-examination or impeachment, but the declaration should not be admitted as evidence. | Medtronic is including this exhibit as permitted by the Court's ruling on Medtronic's MIL 6. | Sustained as to admission of declaration as evidence. Testimony in deposition was not identified so no ruling can be made. |