# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## BEAUMONT DIVISION

| | |
|---|---|
| MARK A. BARRY, M.D., | Civil Action No. 1:14-cv-104 |
| Plaintiff, | **CHIEF JUDGE RON CLARK** |
| v. | |
| MEDTRONIC, INC., | |
| Defendant. | |

## *IN LIMINE* RULINGS ON OBJECTIONS TO DEPOSITION TESTIMONY TO BE PLAYED ON NOVEMBER 4, 2016 (part 1 Altarac)

The court enters these in limine rulings regarding objections to designations of witness Altarac on  the attached chart.

So **ORDERED** and **SIGNED** this **4**  day of **November, 2016.**

_____
Ron Clark, United States District Judge

Pursuant to the Pretrial Order (ECF No. 386) and agreement of the parties, Plaintiff Mark A. Barry, M.D. ("Dr. Barry") hereby submits the parties' unresolved objections to the deposition testimony of Moti Altarac, Timothy Fields, and Philip Mellinger (and associated exhibits), which Dr. Barry intends to be played at trial on November 4, 2016.  On November 2-3, 2016, the parties met and conferred, and the unresolved objections are included in the tables enclosed herewith.  The parties respectfully request the Court's ruling on these issues so that the final deposition videos can be prepared.

## In Limine Rulings - Moti Altarac

*Medtronic's Objections to Dr. Barry's Designations, Counter-Designations, and Exhibits*

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 25:3-4; 25:6-22; 26:24-27:10 | FRE 104<br>FRE 403<br>The witness was unable to recall the names of the instruments that are the subject matter of this testimony and when he became aware of Dr. Barry, other than during the 7 years he worked for Dr. Barry's licensee.  Without more information and context, this testimony lacks foundation and is more prejudicial than probative. | Neither objection is proper.  The witness testified as to his knowledge of certain development events, and laid the foundation for his testimony.  There is no prejudice to Medtronic in this witness's testimony. | Overruled |
| 43:11-12 | This testimony appears to relate to PX259.007. Excising one page of a document identified as a 35-page trial exhibit because it was used as a deposition exhibit does not necessarily overcome the objection that it is a piece of a collection of unrelated documents where the witness did not testify as to the entire collection. Further, even if the exhibit is considered in isolation, Medtronic's objections based on FRE 402, 403, 801, and 802 have not been overcome. | Medtronic appears to object to the entirety of PX259.  Dr. Barry only identified PX259.007 in this range, and believes that it is not objectionable. | Overruled.  But one page may not authenticate or make admissible an entire document as explained by the court earlier to counsel. |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 47:16-48:4 | This testimony appears to relate to PX259.007. Excising one page of a document identified as a 35-page trial exhibit because it was used as a deposition exhibit does not necessarily overcome the objection that it is a piece of a collection of unrelated documents where the witness did not testify as to the entire collection. Further, even if the exhibit is considered in isolation, Medtronic's objections based on FRE 402, 403, 801, and 802 have not been overcome. | The witness testified as to his understanding of what was written on an email where he was one of the recipients.  While his testimony includes the statement it "could have been …," he follows it with his recollection of a factual matter about prototypes.  In total, the testimony is based on his recollection; it is not speculative. | Overruled as to "one page" objection  But one page may not authenticate or make admissible an entire document as explained by the court earlier to counsel.<br><br>The remaining list of Rule numbers may refer to a proper objection to some statement on the page but the court is not going search for it.  Any such objection is waived. |
| 56:4-57:19; 58:3-10; 58:13-59:15 | This testimony appears to relate to PX259.022. Excising one page of a document identified as a 35-page trial exhibit because it was used as a deposition exhibit does not necessarily overcome the objection that it is a piece of a collection of unrelated documents where the witness did not testify as to the entire collection. Further, even if the exhibit is considered in isolation, Medtronic's objections based on FRE 402, 403, 801, and 802 have not been overcome. Additionally, the designated testimony does not sufficiently authenticate the document. | This testimony relates to Dr. Barry's development work.  The witness was personally involved in that work.  It is both relevant and not prejudicial such that it should be excluded. | Overruled as to "one page" objection  But one page may not authenticate or make admissible an entire document as explained by the court earlier to counsel.<br><br>Overruled as to authenticity<br><br>The remaining list of Rule numbers may refer to a proper objection to some statement on the page but the court is not going search for it.  Any such objection is waived. |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 60:18-62:24 | FRE 402/403 to 60:18-61:21, 61:22-62:24<br>Drop objection for 61:3-21<br>This testimony appears to relate to PX259.023-024. Excising two pages of a document identified as a 35-page trial exhibit because it was used as a deposition exhibit does not necessarily overcome the objection that it is a piece of a collection of unrelated documents where the witness did not testify as to the entire collection. Further, even if the exhibit is considered in isolation, Medtronic's objections based on FRE 402, 403, 801, and 802 have not been overcome. Additionally, the designated testimony does not sufficiently authenticate the document. | This is testimony about development work, including a document the witness signed.  This is highly relevant—and not prejudicial in any way. | Overruled as to the first "FRE 402/403" objedction.<br><br>Court has never heard of a "Drop objection" so overruled as court can not determine what is objectionable.<br><br> Overruled as to "tweo page" objection  But two pages may not authenticate or make admissible an entire document as explained by the court earlier to counsel.<br><br>The remaining list of Rule numbers may refer to a proper objection to some statement on these pages but the court is not going search for it.  Any such objection is waived. |

3

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 69:23-71:16 | FRE 402<br>FRE 403<br>FRE 611c<br>Counsel Testifying<br><br>This testimony appears to relate to PX 565, which is not sufficiently authenticated, thus the related testimony which Plaintiff relies on to offer the exhibit is more prejudicial than probative.  And, the designation includes improper leading questions / testimony by counsel. *See e.g.* 71:8-16. | For the same reasons given above, 402 and 403 do not apply.  Counsel did not testify. | Overruled. |
| 159:6-14,16-17 | FRE 104<br>FRE 402<br>FRE 403<br>FRE 611c<br>There is no foundation for the designated testimony, which is also improperly vague in its reference to "anyone at Interpore." | This testimony relates to Medtronic's invalidity theories.  It is relevant and not prejudicial. | Overruled |
| PX259.007 | FRE 402, 403, 801, 802, 1006, foundation, authentication, sponsorship. *See* above at 47:16-48:4. | The witness testified about and laid the foundation for this exhibit.  It relates at least to Dr. Barry's development work. | This page was not provided with copy of deposition.  No pages of depo identified with this objection so no basis to rule.  Overruled. |
| PX259.022 | FRE 402, 403, 801, 802, 1006, foundation, authentication, sponsorship.<br>*See* above at 56:4-57:19, *et al.* | The witness testified about and laid the foundation for this exhibit.  It relates at least to Dr. Barry's development work. | This page was not provided with copy of deposition.  No pages of depo identified with this objection so no basis to rule.  Overruled. |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| PX259.023-PX259.024 | FRE 402, 403, 801, 802, 1006, foundation, authentication, sponsorship. *See* above at 60:18-2:24 | The witness testified about and laid the foundation for this exhibit.  It relates at least to Dr. Barry's development work. | This page of the exhibit was not provided with copy of deposition.  No pages of depo identified with this objection so no basis to rule.  Overruled. |
| PX513 | FRE 801, 802, authentication, sponsorship, foundation There is insufficient testimony designated to authenticate or lay the foundation for this document, which is inadmissible hearsay, used at the deposition to attempt to refresh the witness's recollection of other matters.  *See* Tr. 83:17-25 ( "Q· · Does this refresh -- does this, in combination with your e-mail from June 2004 with Mr. Miller, refresh your memory as to whether or not physical instruments were actually made for Dr. Barry, as of ·June 2004?· And I'm referring specifically to the Barry ·torque stabilizers. ·A· · Based on the e-mail, there was at least one ·torque stabilizer that was provided to Dr. Barry for ·review by that date.") | The witness testified about and laid the foundation for this exhibit.  It relates at least to Dr. Barry's development work. | This page of exhibit  was not provided with copy of deposition.  As to whether Tr. 83 by itself is sufficient to authenticate the page ore render it admissible, Sustained. |
| PX565 | FRE 801, 802, authentication, sponsorship *See* above at 69:23-71:16. | The witness testified about and laid the foundation for this exhibit.  It relates at least to Dr. Barry's development work. | Overruled |

5

*Dr. Barry's Objections to Medtronic's Designations, Counter-Designations, and Exhibits*

| Testimony/ Exhibit | Dr. Barry's Objection | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 103:21 - 104:25 105:23-24 107:11 - 108:7 113:9 - 114:13 114:15 114:17 - 115:5 115:6 - 116:17 119:17 - 120:4 128:19 - 130:8 132:6-14 132:16 132:18 - 133:4 140:24 - 141:4 144:2-17 146:5-7 | Medtronic included this testimony as counter-designations on October 6, 2016, but at that time it did not identify the affirmative testimony to which it corresponds.  These are not proper counters and should not be included in the testimony that is read to the jury. | Counter to at least designated testimony 73:23-25 with respect to subject matter (witness's alleged attendance at Dr. Barry's surgeries).  As the Court found with respect to a similar objection posed by Plaintiff to other counter-designations proposed by Medtronic, "[t]his is a counter-designation, not request to include material under the rule of optional completeness." (Dkt. 391 re: Cuellar counter designation). | We are not dealing with the rule of optional completeness.  Both parties get to designate testimony.  Depo will be played only once. |

6