# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| MARK A. BARRY, M.D., | Civil Action No. 1:14-cv-104 |
| Plaintiff, | **CHIEF JUDGE RON CLARK** |
| v. | |
| MEDTRONIC, INC., | |
| Defendant. | |

**PLAINTIFF MARK A. BARRY, M.D.'S PROPOSED JURY INSTRUCTION
AND QUESTION ON LACHES AND
<u>CORRECTION TO EXPERIMENTAL USE INSTRUCTION</u>**

Pursuant to the Court's order on Plaintiff's Motions *in Limine*, dated October 28, 2016, in which the Court indicated that it will "allow evidence related to laches to be presented to the jury, insofar as, per representations by Medtronic counsel, this evidence relates to Medtronic's other defenses," Dr. Barry hereby submits proposed jury instructions for laches and question for the jury on that issue. Dr. Barry also submits a correction to its previously-filed instruction on "experimental use" (*see* ECF No. 350-1, at IV.G.5) to correct a typo in the first sentence.[1] From November 1, 2016 to November 3, 2016, counsel for Dr. Barry conferred with counsel for Defendant, Medtronic. Defendant does not oppose this filing.

## Proposed Jury Instruction on Laches

Medtronic contends that Dr. Barry is not entitled to recover damages for acts that occurred before it filed this lawsuit because: (1) Dr. Barry delayed filing the lawsuit for an unreasonably long and inexcusable period of time, and (2) Medtronic has been or will be prejudiced in a significant way due to Dr. Barry's delay in filing the lawsuit. This is referred to as laches. Medtronic must prove delay and prejudice by a preponderance of the evidence.

Whether Dr. Barry's delay was unreasonably long and unjustified is a question that must be answered by considering the facts and circumstances as they existed during the period of delay. There is no minimum amount of delay required to establish laches. The period of delay is measured from the time the plaintiff knew or reasonably should have known of the defendant's alleged infringing activities to the date of suit. However, the period does not begin before issuance of the patent.

If suit was delayed for six years, a rebuttable presumption arises that the delay was unreasonable and unjustified, and that material prejudice resulted. This presumption shifts the

---

[1] The edit to the current language is denoted in bold and strikethrough.

burden of proof to Dr. Barry to come forward with evidence to prove that the delay was justified or that material prejudice did not result, and if Dr. Barry presents such evidence, the burden of proving laches remains with Medtronic. Laches may be found for delays of less than six years if there is proof of unreasonably long and unjustifiable delay causing material prejudice to Medtronic. Examples of facts and circumstances that can justify a long delay can include:

    (1) being involved in other litigation during the period of delay;

    (2) being involved in negotiations with Medtronic during the period of delay;

    (3) poverty or illness during the period of delay;

    (4) wartime conditions during the period of delay;

    (5) being involved in a dispute about ownership of the patent during the period of delay;

    (6) minimal amounts of allegedly infringing activity by Medtronic during the period of delay.

If you find unreasonable and unjustified delay occurred, to find laches, you must also determine if Medtronic suffered material prejudice as a result of the delay. Prejudice to Medtronic can be evidentiary or economic. Whether Medtronic suffered evidentiary prejudice is a question that must be answered by evaluating whether delay in filing this case resulted in not being able to present a full and fair defense on the merits to Dr. Barry's infringement claim. Not being able to present a full and fair defense on the merits to an infringement claim can occur due to the loss of important records, the death or impairment of an important witness(es), the unreliability of memories about important events because they occurred in the distant past, or other similar types of things. Economic prejudice is determined by whether or not Medtronic changed its economic position in a significant way during the period of delay resulting in losses

beyond merely paying for infringement (such as if Medtronic could have switched to a noninfringing product if sued earlier), and also whether Medtronic's losses as a result of that change in economic position likely would have been avoided if Dr. Barry had filed this lawsuit sooner. Medtronic's economic prejudice must be because of and as a result of the delay, and not the result of business decisions based on market opportunities.

In all scenarios though, the ultimate determination of whether laches should apply in this case is a question of fairness, given all the facts and circumstances. Thus, you may find that laches does not apply if there is no evidence establishing each of the three elements noted above (unreasonable delay, lack of excuse or justification, and significant prejudice). You may also find that even though all of the elements of laches have been proved, it should not, in fairness, apply, given all the facts and circumstances in this case. You may also find that laches should not apply if the infringer engaged in particularly egregious conduct.

### AUTHORITY

35 U.S.C. § 282; *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 773-74 (Fed. Cir. 1995); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1039 (Fed. Cir. 1992) (en banc). Federal Circuit Bar Association Model Jury Instructions § .5.2 – Laches

### Proposed Question for Jury on Laches

From what point in time after the issuance of Dr. Barry's patents did he unreasonably delay in bringing suit against Medtronic, if you believe he did delay, and what significant harm did that period of delay cause Medtronic, if you believe Medtronic was harmed?

### Correction to Dr. Barry's Proposed Jury Instruction for "Experimental Use"

**5.    Experimental Use.**

Dr. Barry denies that any use of the methods of claims 4 or 5 of the '358 patent was ~~not~~ accessible to the public or for a commercial purpose. He also contends that they were experimental. An inventor's use of a claimed invention, even if public, will not invalidate the

patent if the use was "experimental." The law recognizes that an inventor must be given the opportunity to develop the invention through experimentation. Activities are experimental if they are a legitimate effort to test claimed features of the invention or to determine if the invention will work for its intended purpose. If the primary purpose is experimentation, it does not matter that the use of the invention was accessible to the public, or that the inventor incidentally derived profit from it.

The experimentation must relate to the features of the claimed invention, and it must be for the purpose of technological improvement, not commercial exploitation. If any commercial exploitation does occur, it must be merely incidental to the primary purpose of experimentation. A test done primarily for marketing, and only incidentally for technological improvement, is not an experimental use.

If you find that Medtronic has shown by clear and convincing evidence that Dr. Barry publically used his invention, then the burden is on Dr. Barry to come forward with evidence showing that the purpose of the prior public use was experimental. If the evidence of experimentation produced by Dr. Barry is strong enough that you find that Medtronic has not met its burden of establishing a prior public use by clear and convincing evidence, you may find that there is no prior public use of the invention.

## **AUTHORITY**

*City of Elizabeth v. Am. Nicholson Pavement Co.*, 97 U.S. 126, 134-35 (1877); *Clock Spring, L.P. v. Wrapmaster, Inc.*, 560 F.3d 1317, 1327 (Fed. Cir. 2009); *Lisle Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306, 1316 (Fed. Cir. 2005); *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1353-55 (Fed. Cir. 2002); *Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1262 (Fed. Cir. 2002); *Estee Lauder Inc. v. L'Oreal, S.A.*, 129 F.3d 588, 594–95 (Fed. Cir. 1997); *LaBounty Mfg., Inc. v. U.S. Int'l Trade Comm'n*, 958 F.2d 1066, 1071-72 (Fed. Cir. 1992); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 549-51 (Fed. Cir. 1990); *U.S. Envtl. Prods. Inc. v. Westall*, 911 F.2d 713, 716 (Fed. Cir. 1990); *In re Hamilton*, 882 F.2d 1576, 1580-83 (Fed. Cir. 1989); *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 840 F.2d 902, 906 (Fed. Cir. 1988); *Hycor Corp. v. Schlueter Co.*, 740 F.2d 1529, 1535-37 (Fed. Cir. 1984); *Pennwalt Corp.*

*v. Akzona Inc.*, 740 F.2d 1573, 1580-81 (Fed. Cir. 1984); *In re Smith*, 714 F.2d 1127, 1134-37 (Fed. Cir. 1983).

DATED:  November 4, 2016					Respectfully submitted,

							By: */s/ Sean P. DeBruine*
								Sean P. DeBruine (California Bar No. 168071)
								KILPATRICK TOWNSEND & STOCKTON LLP

								1080 Marsh Road
								Menlo Park, California  94025
								sdebruine@kilpatricktownsend.com
								Tel:  (650) 326-2400
								Fax: (650) 326-2422

								David Clay Holloway
								KILPATRICK TOWNSEND & STOCKTON LLP
								1100 Peachtree Street NE, Suite 2800
								Atlanta, GA 30309-4530
								cholloway@kilpatricktownsend.com
								Tel:  (404) 815-6537
								Fax: (404) 541-3484

								Dario Alexander Machleidt
								KILPATRICK TOWNSEND & STOCKTON LLP
								1420 Fifth Avenue, Suite 3700
								Seattle, WA 98101
								dmachleidt@kilpatricktownsend.com
								Tel:  (206) 467-9600
								Fax: (206) 623-6793

								Erwin Lee Cena
								KILPATRICK TOWNSEND & STOCKTON LLP
								12730 High Bluff, Suite 400
								San Diego, CA 92130
								ecena@kilpatricktownsend.com
								Tel:  (858) 350-6100
								Fax: (858) 350-6111

								Laura Kathryn Mullendore
								KILPATRICK TOWNSEND & STOCKTON LLP
								1400 Wewatta Street, Suite 600
								Denver, CO 80202
								lmullendore@kilpatricktownsend.com
								Tel:  (303) 405-1486
								Fax: (303) 571-4321

								***Counsel for Plaintiff***
								***Mark A. Barry, M.D.***

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and as such, this document was served on all counsel who have consented to electronic service. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on November 4, 2016. True and correct copies of all sealed documents were promptly served on all counsel of record by email on November 4, 2016.

DATED:  November 4, 2016         */s/ Sean P. DeBruine*
                                 Sean P. DeBruine

68884158V.1