**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**BEAUMONT DIVISION**

| | | |
|---|---|---|
| MARK A. BARRY, MD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Civil Action No. 1:14-104-RC** |
| v. | § | |
| | § | **Judge Ron Clark** |
| MEDTRONIC, INC., | § | |
| | § | |
| Defendant. | § | |

<u>**IN LIMINE RULINGS ON MEDTRONIC, INC.'S DISPUTED DEPOSITION DESIGNATIONS**</u>

The court enters these in limine rulings regarding objections to designations of witnesses Y. Barry, Bette, Booher, Franklin, & Miller by Medtronic  as set forth on  the attached chart.

So **ORDERED** and **SIGNED** this **6**   day of **November, 2016.**

_____
Ron Clark, United States District Judge

**Yvonne Barry**

| MEDTRONIC'S INITIAL DESIGNATIONS | DR. BARRY'S OBJECTIONS | MEDTRONIC'S RESPONSE | COURT RULING |
|---|---|---|---|
| 27:3 - 27:7 | Violates Dr. Barry's MIL 4. FRE 402, 403. Irrelevant to any material disputed issue. No dispute that the relevant surgeries were not experimental or subject to IRB review.  Immaterial to any fact of consequence in this matter. Unduly prejudicial as implying Dr. Barry was experimenting on children, causing juror confusion and wasting court time.<br><br>FRE 701. Improper for fact witness to give opinion regarding surgical risks. | This testimony does not make any reference to "experimental," "IRB," or even "children."  Nor does it provide an opinion regarding surgical risks.  Rather, the witness is asked, as a physician who personally worked with Dr. Barry in the surgeries where he allegedly developed his claimed procedure, whether it was "tried and true proven procedures" in December 2002, a time period put into issue by Plaintiff. | Overruled |
| 27:11 - 27:11 | Violates Dr. Barry's MIL 4. FRE 402, 403. Irrelevant to any material disputed issue. No dispute that the relevant surgeries were not experimental or subject to IRB | This testimony does not make any reference to "experimental," "IRB," or even "children."  Nor does it provide an opinion regarding surgical risks.  Rather, the witness is asked, as a physician who | Overruled. |

| MEDTRONIC'S INITIAL DESIGNATIONS | DR. BARRY'S OBJECTIONS | MEDTRONIC'S RESPONSE | COURT RULING |
|---|---|---|---|
| | review.  Immaterial to any fact of consequence in this matter. Unduly prejudicial as implying Dr. Barry was experimenting on children, causing juror confusion and wasting court time.<br><br>FRE 701. Improper for fact witness to give opinion regarding surgical risks. | personally worked with Dr. Barry in the surgeries where he allegedly developed his claimed procedure, whether it was "tried and true proven procedures" in December 2002, a time period put into issue by Plaintiff, thus the testimony is not more prejudicial than probative. | |
| 28:24 - 29:1 | Violates Dr. Barry's MIL 4. FRE 402, 403. Irrelevant to any material disputed issue. No dispute that the relevant surgeries were not experimental or subject to IRB review.  Immaterial to any fact of consequence in this matter. Unduly prejudicial as implying Dr. Barry was experimenting on children, causing juror | This testimony does not make any reference to IRB," or "children." Nor does it provide an opinion regarding surgical risks.  Rather, the witness is asked, as a physician who personally worked with Dr. Barry in the surgeries where he allegedly developed his claimed procedure, whether it was "fully complete" in December 2002, a time period put into issue by | Overruled.  The jury will be carefully instructed on public use, including the consideration of whether there was testing of new methods or apparatus i.e. what has been denoted "experimental use" under patent law. The court finds no authority for the proposition that necessary testing and refining/improving a procedure or apparatus more than one year prior to the patent application date makes the |

| MEDTRONIC'S INITIAL DESIGNATIONS | DR. BARRY'S OBJECTIONS | MEDTRONIC'S RESPONSE | COURT RULING |
|---|---|---|---|
| | confusion and wasting court time.<br><br>FRE 701. Improper for fact witness to give opinion regarding surgical risks. | Plaintiff, thus it is not more prejudicial than probative.  The reference to experimentation makes no implication regarding children, or medical ethics. | patent invalid for prior public use under §102(b) simply because the testing is not part of a "medical experiment" as defined by the regulations and ethical codes defining "medical experiment." In this case, in spite of  what might be considered a word game with "experimentation" in counsel's questioning, in the context of  Dr. Y. Barry's  explanation immediately following at 29:10-16, and 29:18 – 30:15,  the court will allow the questions and answers. |
| 29:6 - 29:8 | Violates Dr. Barry's MIL 4. FRE 402, 403. Irrelevant to any material disputed issue. No dispute that the relevant surgeries were not experimental or subject to IRB review.  Immaterial to any fact of consequence in this matter. Unduly prejudicial as implying Dr. Barry was experimenting on children, causing juror confusion and wasting court | This testimony does not make any reference to IRB," or "children." Nor does it provide an opinion regarding surgical risks.  Rather, the witness is asked, as a physician who personally worked with Dr. Barry in the surgeries where he allegedly developed his claimed procedure, whether it was "fully complete" in December 2002, a time period put into issue by Plaintiff, thus it is not more | Overruled.  See above. |

| MEDTRONIC'S INITIAL DESIGNATIONS | DR. BARRY'S OBJECTIONS | MEDTRONIC'S RESPONSE | COURT RULING |
|---|---|---|---|
| | time.<br><br>FRE 701. Improper for fact witness to give opinion regarding surgical risks. | prejudicial than probative.  The reference to experimentation makes no implication regarding children, or medical ethics.  Further, the witness elaborates to explain that the procedures "were based on very sound, well-developed surgical procedures." | |
| 29:10 - 29:16 | Violates Dr. Barry's MIL 4. FRE 402, 403. Irrelevant to any material disputed issue. No dispute that the relevant surgeries were not experimental or subject to IRB review.  Immaterial to any fact of consequence in this matter. Unduly prejudicial as implying Dr. Barry was experimenting on children, causing juror confusion and wasting court time.<br><br>FRE 701. Improper for fact witness to give opinion | This testimony does not make any reference to IRB," or "children." Nor does it provide an opinion regarding surgical risks.  Rather, the witness is asked, as a physician who personally worked with Dr. Barry in the surgeries where he allegedly developed his claimed procedure, whether it was "fully complete" in December 2002, a time period put into issue by Plaintiff, thus it is not more prejudicial than probative.  The reference to experimentation makes no implication regarding children, or medical ethics.  Further, the witness elaborates to explain that | Overruled.  See above. |

| MEDTRONIC'S INITIAL DESIGNATIONS | DR. BARRY'S OBJECTIONS | MEDTRONIC'S RESPONSE | COURT RULING |
|---|---|---|---|
| | regarding surgical risks. | the procedures "were based on very sound, well-developed surgical procedures." | |
| 34:18 - 21 | Violates Dr. Barry's MIL 4. FRE 402, 403. Irrelevant to any material disputed issue. No dispute that the relevant surgeries were not experimental or subject to IRB review.  Immaterial to any fact of consequence in this matter. Unduly prejudicial as implying Dr. Barry was experimenting on children, causing juror confusion and wasting court time.<br><br><br>FRE 701. Improper for fact witness to give opinion regarding "experimental" medical procedures and Sunrise Hospital IRB procedures. | This testimony does not make any reference to IRB," or "children." Nor does it provide an opinion regarding Sunrise IRB procedures. Rather, the witness is asked to confirm her earlier testimony, as a physician who personally worked with Dr. Barry in the surgeries where he allegedly developed his claimed procedure, whether it was "experimental," (which she states it is not), and expands to explains that Dr. Barry was using equipment "that he developed to improve the de-rotation. But the de-rotation method of scoliosis, . . . has been utilized for 40, 50 years."  This testimony is relevant to the novelty of Plaintiff's alleged invention, and is not more prejudicial than probative.  The reference to experimentation makes no | Sustained.  Cumulative to questions and answers above.  The court is not aware of authority for the proposition that this  case  properly rises or falls on the words "experiment" or "experimentation" as understood in the field of medicine  and medical ethics. Constant attempts at repetition will not make it so. |

| MEDTRONIC'S INITIAL DESIGNATIONS | DR. BARRY'S OBJECTIONS | MEDTRONIC'S RESPONSE | COURT RULING |
|---|---|---|---|
| | | implication regarding children, or medical ethics. | |
| 62:3 - 62:11 | FRE401/403, 611: Witnesses lack of recollection not material to any contested issue, unduly prejudicial as to juror confusion and undue expenditure of court time.<br><br>Improper attorney testimony as to what is allegedly in the documents.<br><br>FRE 802: Hearsay.<br><br>FRE 901. The exhibit has not been authenticated. | Plaintiff submitted to the Court a declaration regarding the witness's understandings of surgeries she allegedly attended, it is highly relevant that she does not recall or recollect these surgeries, and is not more prejudicial than probative.<br><br>No attorney testimony, only background of an exhibit and asking the witness to confirm or explain counsel's understanding of the document.<br><br>Medtronic is not introducing the exhibit discussed, thus the 802 and 901 objections do not apply. | Sustained.  If exhibits are not trial exhibits, then there is no basis to evaluate how specific or detailed the entries are and thus no way for the jury to draw a conclusion as to Dr. Y. Barry's memory or credibility based on the fact that they do not refresh her memory.  Following questions, which were answered by the witness helped "confirm or explain counsel's understanding of the document." |
| 64:24 - 65:9 | FRE 401/403, 611:  Not relevant to any contested issue, unduly prejudicial as causing juror confusion and waste of court time. | Plaintiff submitted  to the Court a declaration regarding the witness's understandings of surgeries she allegedly attended, it is highly relevant that she does not recall or | If the declaration is not in evidence it will not be the basis of any decision by a fact finder.  Questions and testimony that Medtronic hopes would call into question  Dr. Y. Barry's memory of the |

| MEDTRONIC'S INITIAL DESIGNATIONS | DR. BARRY'S OBJECTIONS | MEDTRONIC'S RESPONSE | COURT RULING |
|---|---|---|---|
| | FRE 901. The exhibit has not been authenticated.<br><br>FRE 611(a).  Assumes facts not in evidence. | recollect these surgeries, and is not more prejudicial than probative.<br><br>Medtronic is not introducing the exhibit discussed, thus the 901 objection does not apply.  Unclear what facts not in evidence are alleged to be assumed. | events described in that declaration are not shown to be  relevant to any issue before the jury.  Sustained. |
| 70:14 - 70:17 | FRE 402, 403. Irrelevant and prejudicial. | Plaintiff submitted to the Court a declaration regarding the witness's understandings of the confidentiality of his surgeries, it is highly relevant that she did not sign a confidentiality agreement related to the surgeries, and is  not more prejudicial than probative. | Overruled. |
| 70:21 - 71:4 | FRE 402, 403. Testimony regarding whether witness was aware of or saw third parties sign confidentiality agreements is irrelevant. Any potential probative value of the testimony is substantially outweighed by the danger of unfair prejudice, misleading of the jury, and confusing of the | The confidentiality of Dr. Barry's methods or instruments is squarely at issue in this case.  The witness's testimony that she did not "ever see Dr. Barry ask anyone else to sign a confidentiality agreement related to his methods or instruments" and did not "ever see a document that was entitled confidentiality or nondisclosure agreement" while she | Overruled. |

| MEDTRONIC'S INITIAL DESIGNATIONS | DR. BARRY'S OBJECTIONS | MEDTRONIC'S RESPONSE | COURT RULING |
|---|---|---|---|
| | issues. | was married to or working with Plaintiff is highly relevant and not more prejudicial than probative. There is nothing misleading or confusing about the testimony. | |
| 71:13 - 71:19 | 71:7-11 FRE 402, 403. Testimony regarding whether witness was aware of or saw third parties sign confidentiality agreements is irrelevant. No foundation as to when the conference in Greece occurred, whether there was any reason for Dr. Barry to request confidentiality agreements or that this issue has any bearing on this matter. Any potential probative value of the testimony is substantially outweighed by the danger of unfair prejudice, misleading of the jury, and confusing of the issues. | The confidentiality of Dr. Barry's methods or instruments is squarely at issue in this case. The witness's testimony regarding whether Dr. Barry asked attendees of his poster presentation to sign a confidentiality or nondisclosure agreement is highly relevant and not more prejudicial than probative. There is nothing misleading or confusing about the testimony.<br><br>Witness is not speculating as to Dr. Barry's payment, but testifying on personal knowledge as his former spouse and coworker as a physician at the same hospital. | Overruled. |

| MEDTRONIC'S INITIAL DESIGNATIONS | DR. BARRY'S OBJECTIONS | MEDTRONIC'S RESPONSE | COURT RULING |
|---|---|---|---|
|  | FRE401/403: Not relevant and unduly prejudicial.  Witnesses speculation regarding Dr. Barry's payment not probative of any material issue in dispute. |  |  |
| 72:3 - 7 | FRE 402, 403. Testimony regarding whether and how the witness received payment during surgeries is irrelevant. It is also prejudicial. | Whether people involved in performing Dr. Barry's claimed method were paid to do so is highly relevant to the issue of whether it was offered for sale or sold publicly, invalidating the relevant claims.  This testimony is not more prejudicial than probative. | Overruled. |
| 73:6 - 73:22 | FRE 402, 403. Testimony regarding whether and how the witness received payment during surgeries is irrelevant. It is also prejudicial. | Whether people involved in performing Dr. Barry's claimed method were paid to do so is highly relevant to the issue of whether it was offered for sale or sold publicly, invalidating the relevant claims.  This testimony is not more prejudicial than probative. | Overruled. |

**Stephane Bette**

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 11:1 - 12:4 | Move to strike as non-responsive. FRE 602 lacks foundation, speculation as to actions of SpineVision. The witness also testified he left the company and cannot verify what Spinevision did or did not do. | The witness has answered the question, and there is no non-responsive answer. There is no lack of foundation, as the witness is testifying from his memory. | Sustained as to 11:3-7; Overruled as to 11:10 – 12:4. |
| 23:11 - 23:12; 23:14-15 | Omits witness answer | This is a complete question and answer. | Overruled. |
| 24:13 - 24:24 | FRE401-403.  Because witness does not recall whether he witnessed Dr. Barry's surgery before or after the December 30, 2003 bar date, there is no relevance to an NDA.  Prejudicial as implying Dr. Barry's  confidential and experimental surgeries were "public."<br>FRE611   Vague and overbroad as to "any sort of confidentiality agreement" and timeframe for signing an agreement. | This is relevant to Medtronic's invalidity claims. The witness' lack of confidentiality agreement is highly relevant. The question was understood and answered by the witness. | Overruled. |
| 26:3 - 26:4 | FRE 602 lacks foundation as to shat instruments or when they were created<br>FRE 611 Leading; Vague as to preparing. | The witness testified as to his experience with SpineVision. Simply because the witness may answer the question with a "yes" or a "no" does not mean that this question is leading or that the answer is suggested by the question. | Overruled. |

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 26:6 - 26:20 | Lacks foundation, speculative. | The witness is testifying as to his own knowledge. | Overruled. |
| 26:22 - 27:2; 27:4 | MIL 4; FRE 401-403.  Not probative of any issue and unduly prejudicial. No foundation what instruments are referred to or when they were made so no relevance to this matter; "not for experimental purposes" undefined and likely used in irrelevant medical or ethical sense; confusing as to "experimental use" under patent law, distinction between prototype and "custom-made" not relevant and waste of time. FRE 611 Leading, compound, vague and misleading as to "experimental purposes" | This testimony is consistent with the Court's ruling on MIL 4. This designation is relevant and probative because it relates to Dr. Barry's development of the technology. | Overruled as to 26:22-25. Sustained as to "and its not for experimental purposes" at 27:1-2. Counsel chose to ask compound question using an undefined version of a word "experimental" that has a common meaning different from its meaning in patent law. |
| 29:1 - 29:14 | FRE 602 lacks foundation FRE 611 misleading,  document speaks for itself | The witness is laying the foundation as he testifies. | Overruled. |
| 30:19 - 31:3 | FRE 602 lacks foundation FRE 611 misleading,  document speaks for itself | The witness is laying the foundation as he testifies. | Overruled. |
| 31:5 – 7; 31:9 - 11 | FRE 602 lacks foundation FRE 611 misleading,  document speaks for itself | The witness is laying the foundation as he testifies. | Overruled. |
| 31:25 - 32:18 | FRE 602 lacks foundation FRE 611 misleading document | The witness is laying the foundation as he testifies. | Overruled as to 602. **Sustained** as to readings |

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| | speaks for itself<br>FRE 802, hearsay. | | from the exhibit in question -  Hearsay. Unless there is an exception to the hearsay rule established elsewhere, this deposition extract is not the basis for this document to be admitted as a trial exhibit. |
| 33:1 - 33:5 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself | The witness is laying the foundation as he testifies. | Overruled. |
| 33:7 - 33:10 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself<br>FRE 611 Speculation.  The witness states that he doesn't remember whether Dr. Barry validated any design. | The witness is laying the foundation as he testifies. The document is used only to provide context for future questions. | Overruled. |
| 33:12 | FRE 611 Speculation.  The witness stated that he did not remember anything. | Same response. | Overruled. |
| 33:14 - 33:21 | Move to strike as non-responsive.<br>FRE 611 Speculation.  The witness states he did not know the answer. | Same response. | Overruled. |
| 42:17 - 43:12 | FRE 602 lacks foundation<br>FRE 611 misleading,  document | The witness properly lays the foundation for the document, and the foundation is | Overruled. |

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| | speaks for itself | based upon his own personal knowledge. It is not misleading, but rather gives context for further questions. | |
| 44:7 - 44:17 | FRE 602 lacks foundation FRE 611 misleading, document speaks for itself | The witness properly lays the foundation for the document, and the foundation is based upon his own personal knowledge. It is not misleading, but rather gives context for further questions. | Overruled. |
| 45:8 - 45:21 | FRE 602 lacks foundation FRE 611 misleading, document speaks for itself | The witness is properly testifying based upon his own personal knowledge. It is not misleading, but rather gives context for further questions. | Overruled. |
| 45:23 | FRE 602 lacks foundation FRE 611 misleading, document speaks for itself | Same response. | Overruled. |
| 45:25 - 46:3 | FRE 602 lacks foundation FRE 611 misleading, document speaks for itself | The witness is being asked to testify to facts about which he has personal knowledge. That has been established. The document is necessary only to give context for the statements. | Overruled. |
| 46:6 - 46:12 | FRE 602 lacks foundation FRE 611 misleading, document speaks for itself | The witness lays the foundation while answering counsel's question. The document is necessary to give context for the question. | Overruled. |
| 46:15 - 46:18 | FRE 602 lacks foundation FRE 611 misleading, document speaks for itself | The witness laid the foundation in the previous question. The document is necessary to give context for the question. | Overruled. |
| 47:1 - 47:9 | FRE 602 lacks foundation | The witness laid the foundation in the | Overruled. |

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| | FRE 611 misleading,  document speaks for itself | previous question. The document is necessary to give context for the question. | |
| 48:17 - 49:3 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself | The witness lays the foundation while answering counsel's question about whether he recalls. The document is necessary to give context for the question. | Overruled. |
| 49:9 - 49:10 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself<br>Call for speculation re: the state of mind of Dr. Barry. | The witness is asked if he has personal knowledge of a fact and confirms that he does. There is no speculation. | Overruled. |
| 49:12 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself<br>See above. | Same response. | Overruled. |
| 49:20 - 50:7 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself | The witness has already laid the foundation to talk about this document. The document is needed to give context to the question and answer. | Overruled. |
| 50:11 - 50:22 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself | The witness has already laid the foundation to talk about this document. The document is needed to give context to the question and answer. | Overruled. |
| 55:7 - 55:11 | Calls for speculation.  The witness testified he did not recall the events in question. | This question asks the witness whether he has the personal knowledge necessary to answer, and the witness confirms his belief. There is no speculation. | Overruled. |

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 55:18 - 55:25 | Calls for speculation.  The witness testified he did not recall the events in question.<br>Lacks foundation as to "my understanding was that he was already doing this technique with another company" | Same response. | Sustained. |
| 57:15 - 57:25 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself<br>FRE 901.  There is no proof that the document marked as Exhibit 7 is a document that the witness recalls receiving or that it was made in the ordinary course of business. | There is no lack of foundation here, as the witness is simply laying the predicate for the next exhibit. | Overruled as to questions.  But sustained as far as this being the basis for introduction of "Exhibit 7" as a trial exhibit. |
| 62:8 - 62:18 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself<br>FRE 901.  There is no proof that the document marked as Exhibit 7 is an email that the witness recalls receiving or that it was made in the ordinary course of business.<br>Call for speculation.  The witness was not asked whether he recalls the events in question.<br>Misstates testimony and leading as to "is that consistent with your testimony today that the derotation | The witness has already established authenticity for this document. It must be read to give context for the next question and answer. | Sustained. |

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| | instruments that SpineVision made for Dr. Barry were not prototypes; they were just custom or special instruments" | | |
| 62:20 | FRE 602 lacks foundation<br>FRE 611 misleading,  document speaks for itself<br>FRE 901.  There is no proof that the document marked as Exhibit 7 is an email that the witness recalls receiving or that it was made in the ordinary course of business.<br>Call for speculation.  The witness was not asked whether he recalls the events in question.<br>Misstates testimony and leading as to "is that consistent with your testimony today that the derotation instruments that SpineVision made for Dr. Barry were not prototypes; they were just custom or special instruments" | The witness has already laid the foundation here and throughout the deposition. | Sustained. |

**Ricky Booher**

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 47:8 - 47:10 | FRE 602. Calls for speculation. | No speculation is called for.  The witness is asked whether he knew "if anyone else entered into" agreements, and he answered "Not that I know." | Overruled. |

**Francis Franklin**

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 57:20 - 58:5 | 58:1-5 Irrelevant and prejudicial FRE 401/403; MIL 4 | This is not the type of "experimental" issue addressed by MIL 4, as it specifically relates to experimenting with different tools. This is relevant to Medtronic's invalidity defenses. | Overruled. |
| 65:7 - 65:12 | Misrepresents facts; prejudicial (FRE 403, FRE 611) | There is no misstatement. This is relevant to Medtronic's invalidity defenses and is not more prejudicial than probative. | Overruled. |
| 65:14 | See above. | Same response. | Overruled. |
| 89:1 - 89:2 | FRE 104(b) Lacks foundation; FRE 602 speculation; FRE 701 calls for expert opinion | The witness testifies that he was with Dr. Barry for some of these surgeries and observed the results. He is testifying from his personal knowledge. He is not asked for an expert opinion, but a question of fact. | Sustained.  Depends on whether "success" is merely a straightening of spine at that moment or is based longer term results.  Witness is not a surgeon. |
| 89:4 | Same as above | Same response. | Sustained. |
| 89:6 - 89:7 | FRE 104(b) Foundation; FRE 602 speculation; FRE 701 calls for expert opinion | Same response. This question clarifies the witness' response to the previous question. | Sustained. |
| 93:22 - 93:25 | FRE 104(b) Foundation; FRE 602 speculation; FRE 701 calls for expert opinion | There is no speculation or lack of foundation here, as the witness testified that he was with Dr. Barry in surgeries, stood across from him, and was aware of what occurred in the procedures. This does not call for expert testimony, but rather asks the | Overruled. |

| MEDTRONIC's Initial Designation | DR. BARRY's Objections | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| | | answer based on the facts within the witness' personal knowledge. | |
| 94:2 | Same as above. | Same response. | Overruled. |

**Jeffrey Miller**

| MEDTRONIC's Initial Designations | DR. BARRY's Objections | Medtronic's Responses | Court Ruling |
|---|---|---|---|
| 83:8 - 10 | FRE 602 speculative as to "goal to make sales to the surgeon" and "companies goal." | The witness worked for Plaintiff's licensee, Biomet / Interpore Cross International for nearly 4 years (9:20 – 11:13), and there is no indication that he did not have personal knowledge to testify as to an overall goal of the company he worked for, *i.e.* to make sales. | Overruled. |
| 104:22 - 105:5 | FRE 611 Misleading, misstates the witnesses' prior testimony, and argumentative. | There is nothing misleading or argumentative in this designation. The witness is asked whether he had to "sign any confidentiality agreement, prior to attending these surgeries," and then whether he recalled "signing something specific to the surgeries [he] attended. The witness responded. | Overruled. |

| Dr. Barry's Counter Designations | MEDTRONIC's Objections to DR. BARRY'S Counter | Dr. Barry's Response | Court Ruling |
|---|---|---|---|
| 105:19-24 | MIL 2. The witness is testifying as to "a general non-disclosure agreement for everything [he] did while employed" by a predecessor-in-interest to Plaintiff's licensee, Interpore Cross.  This testimony is | Nothing in the witness's testimony implies that he was referring to a "written" or "digital" non-disclosure agreement.  Thus, it does not fall within the scope of this Court's ruling | Overruled |

| Dr. Barry's Counter Designations | MEDTRONIC's  Objections to DR. BARRY'S Counter | Dr. Barry's Response | Court Ruling |
|---|---|---|---|
| | only relevant if Plaintiff intends to rely on the existence of such an agreement. However, Plaintiff has not produced such an agreement as required under Fed. R. Civ. P. 26 and the Court's Order Governing Proceedings (Dkt. 11) , thus the testimony should not be permitted.  *See* Dkt. 379 at 2; Dkt. 391 at 3. | on MIL 2. | |
| 89:5-16 | Vague; FRE 104, 602.  The witness did not have personal knowledge as to the documents referenced in this counter-designation, whereas he did in the initial designation (83:8-10 above) to which this testimony is proposed as a counter. | There is nothing vague or speculative about this testimony. | Overruled. |
| 18:11-16; 88:14-22 | 18:11-16 is an incomplete designation: the witness's answer ends at 18:23.  If the designation is extended rather than withdrawn, 18:12-23 lacks foundation. | The answer is complete and does not lack foundation. The witness worked with Dr. Barry, was able to testify about how they worked together, and thus, the answer has proper foundation. | Overruled. |
| 87:14-15<br><br>87:17—19 | MIL 2. The witness is testifying as to "an agreement that anything [he] worked on was confidential" while working for a predecessor-in-interest to Plaintiff's licensee, Interpore Cross.  This testimony is only relevant if Plaintiff intends to rely on the existence of such an agreement. However, Plaintiff has not produced such an agreement as required under Fed. R. Civ. P. 26 and the Court's Order Governing | Nothing in the witness's testimony implies that he was referring to a "written" or "digital" non-disclosure agreement.  Thus, it does not fall within the scope of this Court's ruling on MIL 2. | Overruled |

| Dr. Barry's Counter Designations | MEDTRONIC's  Objections to DR. BARRY'S Counter | Dr. Barry's Response | Court Ruling |
|---|---|---|---|
|  | Proceedings (Dkt. 11) , thus the testimony should not be permitted.  *See* Dkt. 379 at 2; Dkt. 391 at 3. |  |  |
| 105:19-24 | MIL 2. The witness is testifying as to "a general non-disclosure agreement for everything [he] did while employed" by a predecessor-in-interest to Plaintiff's licensee, Interpore Cross.  This testimony is only relevant if Plaintiff intends to rely on the existence of such an agreement.  However, Plaintiff has not produced such an agreement as required under Fed. R. Civ. P. 26 and the Court's Order Governing Proceedings (Dkt. 11) , thus the testimony should not be permitted.  *See* Dkt. 379 at 2; Dkt. 391 at 3. | Nothing in the witness's testimony implies that he was referring to a "written" or "digital" non-disclosure agreement.  Thus, it does not fall within the scope of this Court's ruling on MIL 2. | Overruled.  But it does not get to be played twice just because counsel designated these lines twice in this chart. |