NOT FOR PRINTED PUBLICATON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| MARK A. BARRY, M.D., | Civil Action No. 1:14-cv-104 |
| Plaintiff, | **CHIEF JUDGE RON CLARK** |
| v. | |
| MEDTRONIC, INC., | |
| Defendant. | |

### *IN LIMINE* RULINGS ON OBJECTIONS TO DEPOSITION TESTIMONY TO BE PLAYED ON NOVEMBER 4, 2016 (revisions to Altarac, rulings on Fields & Mellinger)

The court enters these in limine rulings regarding objections to designations of witnesses. The attached chart contains the revised rulings on Altarac and the rulings on Fields and Mellinger.  An earlier draft sent to counsel before this document was filed had the rulings so that the parties could make edits.  This final version, filed with the Clerk of Court should result in no change in edits, but clarifies the basis for the court's rulings on some items.

So that the record is clear as to the basis for the objections, and the problems caused by the presentation of the parties the court provides some additional explanation.

Numerous objections have been made to deposition designations  as to authentication and admissibility  of trial exhibits because a page or two of a deposition exhibit with a different number  is mentioned.  In connection with these objections to deposition exhibits, no averment that the document,  as later labeled with a trial exhibit number,  was not authenticated elsewhere. And there was no averment that the document was not among those that lead counsel have,

agreed could be admitted.  The opposing counsel has typically responded with a statement to the effect that the document was authenticated, but does not say where.

The first objection to the designations for Mr. Field, set out in the chart below, could be a "poster child" example.  A more detailed explanation will be given for this objection so the underlying problems with many of the objections to the depositions will be clear.

The cover of the deposition states that Mr. Fields is a 30(b)(6) witness.  Mr. Fields agrees at p. 14:12-14, without objection that he "works directly for Medtronic, Inc."  This gives the court a basis to determine Mr. Fields should be in a position to have knowledge of the Medtronic documents he discusses.

Looking at the first objection in the chart for Mr. Fields, Medtronic objects to what previous pages in the deposition establish is a spreadsheet from Medtronic's own files.  Referring to the designation of Mr. Fields' deposition p. 78:13 – 79:6, the objection is:

> FRE 402 FRE 403.  The designated testimony is incomplete to permit admission of PX 206, thus would be more prejudicial than probative without admission of PX 206.

Mr. Fields knew enough about the document to explain it to Barry's counsel.  Field depo, 78:13 – 79:11.  Medtronic's trial counsel of course is free to object on the grounds that what appears to be its own spreadsheet of sales of implants is objectionable because although the spreadsheet was produced by Medtronic's attorney, Medtronic's 30(b)(6) witness really does not know who he works for and can not authenticate the document.   But that objection will have to be made before the jury.

There are many other examples throughout the objections to the deposition designations of most of the witnesses, to admission of trial exhibits based on the fact that a particular page of a deposition exhibit was not authenticated at a particular page.  Usually these objections are followed by a smorgasbord of rule numbers, presumably to remind the court that there are many rules that might apply, and to invite the court to pick one or two as a basis to sustain the objection.

With these comments in mind, the court has attempted to provide rulings on all of the objections submitted.

So **ORDERED** and **SIGNED** this 6  day of **November, 2016.**

_____
Ron Clark, United States District Judge

## Revised In Limine Rulings - Moti Altarac

*Medtronic's Objections to Dr. Barry's Designations, Counter-Designations, and Exhibits*

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 25:3-4; 25:6-22; 26:24-27:10 | FRE 104<br>FRE 403<br>The witness was unable to recall the names of the instruments that are the subject matter of this testimony and when he became aware of Dr. Barry, other than during the 7 years he worked for Dr. Barry's licensee. Without more information and context, this testimony lacks foundation and is more prejudicial than probative. | Neither objection is proper. The witness testified as to his knowledge of certain development events, and laid the foundation for his testimony. There is no prejudice to Medtronic in this witness's testimony. | Overruled |
| 43:11-12 | This testimony appears to relate to PX259.007. Excising one page of a document identified as a 35-page trial exhibit because it was used as a deposition exhibit does not necessarily overcome the objection that it is a piece of a collection of unrelated documents where the witness did not testify as to the entire collection. Further, even if the exhibit is considered in isolation, Medtronic's objections based on FRE 402, 403, 801, and 802 have not been overcome. | Medtronic appears to object to the entirety of PX259. Dr. Barry only identified PX259.007 in this range, and believes that it is not objectionable. | Overruled as to "one page" objection to testimony. But one page may not authenticate or make admissible an entire document as explained by the court earlier to counsel.<br><br>The remaining list of Rule numbers may refer to a proper objection to some part of the statement, but the court is not going guess at what counsel might have intended. Any such objection is waived. |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 47:16-48:4 | This testimony appears to relate to PX259.007. Excising one page of a document identified as a 35-page trial exhibit because it was used as a deposition exhibit does not necessarily overcome the objection that it is a piece of a collection of unrelated documents where the witness did not testify as to the entire collection. Further, even if the exhibit is considered in isolation, Medtronic's objections based on FRE 402, 403, 801, and 802 have not been overcome. | The witness testified as to his understanding of what was written on an email where he was one of the recipients. While his testimony includes the statement it "could have been …," he follows it with his recollection of a factual matter about prototypes. In total, the testimony is based on his recollection; it is not speculative. | Overruled as to "one page" objection to the testimony.  But one page may not authenticate or make admissible an entire document

The remaining list of Rule numbers may refer to a proper objection to some statement on the pages but the court is not going search for it. Any such objection is waived. |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 56:4-57:19; 58:3-10; 58:13-59:15 | This testimony appears to relate to PX259.022. Excising one page of a document identified as a 35-page trial exhibit because it was used as a deposition exhibit does not necessarily overcome the objection that it is a piece of a collection of unrelated documents where the witness did not testify as to the entire collection. Further, even if the exhibit is considered in isolation, Medtronic's objections based on FRE 402, 403, 801, and 802 have not been overcome. Additionally, the designated testimony does not sufficiently authenticate the document. | This testimony relates to Dr. Barry's development work. The witness was personally involved in that work. It is both relevant and not prejudicial such that it should be excluded. | Overruled as to "one page" objection  But one page may not authenticate or make admissible an entire document.<br><br>The cited pages of deposition itself do appear to authenticate the page in question, although not the entirety of PX259. However that is not the test. Authentication is not required every time a document is used, nor by every witness who discusses a document. No averment by objecting counsel that in any way indicates that counsel in good faith believes that document was not authenticated earlier or later in the deposition or in another deposition. Since these objections are being made after trial has started, the court would expect the attorney assigned to object to this deposition to be sure this objection is not filed knowing this document is among those the parties agreed would be admissible or among those that have already been admitted.  Overruled.<br><br>The remaining list of Rule numbers may refer to a proper objection to some statement on the pages but the court is not going search for it. Any such objection is waived. |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 60:18-62:24 | FRE 402/403 to 60:18-61:21, 61:22-62:24<br>Drop objection for 61:3-21<br>This testimony appears to relate to PX259.023-024. Excising two pages of a document identified as a 35-page trial exhibit because it was used as a deposition exhibit does not necessarily overcome the objection that it is a piece of a collection of unrelated documents where the witness did not testify as to the entire collection. Further, even if the exhibit is considered in isolation, Medtronic's objections based on FRE 402, 403, 801, and 802 have not been overcome. Additionally, the designated testimony does not sufficiently authenticate the document. | This is testimony about development work, including a document the witness signed. This is highly relevant—and not prejudicial in any way. | Overruled as to the first "FRE 402/403" objection.<br><br>Court has never heard of a "Drop objection" so overruled as court can not determine what is objectionable.<br><br>Overruled as to "two page" objection  But two pages may not authenticate or make admissible an entire document.<br><br>The remaining list of Rule numbers may refer to a proper objection to some statement on these pages but the court is not going search for it. Any such objection is waived. |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 69:23-71:16 | FRE 402<br>FRE 403<br>FRE 611c<br>Counsel Testifying<br><br>This testimony appears to relate to PX 565, which is not sufficiently authenticated, thus the related testimony which Plaintiff relies on to offer the exhibit is more prejudicial than probative. And, the designation includes improper leading questions / testimony by counsel. *See e.g.* 71:8-16. | For the same reasons given above, 402 and 403 do not apply. Counsel did not testify. | Overruled. |
| 159:6-14,16-17 | FRE 104<br>FRE 402<br>FRE 403<br>FRE 611c<br>There is no foundation for the designated testimony, which is also improperly vague in its reference to "anyone at Interpore." | This testimony relates to Medtronic's invalidity theories. It is relevant and not prejudicial. | Overruled |

5

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| PX259.007 | FRE 402, 403, 801, 802, 1006, foundation, authentication, sponsorship. *See* above at 47:16-48:4. | The witness testified about and laid the foundation for this exhibit. It relates at least to Dr. Barry's development work. | No objection is made to any testimony by page or line number so no basis to rule that testimony should be excluded when deposition is edited. The cited pages of deposition itself do not authenticate the document, but that is not the test. Authentication is not required every time a document is used, nor by every witness who discusses a document. As to the objection to a numbered trial exhibit neither the exhibit page with this number as marked at the deposition nor the deposition page referring to a document with this trial exhibit number was provided with the copy of deposition sent to the court. On the pages identified in the objection PX259 was not mentioned. Counsel appear to have ignored the agreements between counsel at deposition as to the Biomet documents referred to at various points in the deposition. No basis to rule on this objection. **Overruled.** |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| PX259.022 | FRE 402, 403, 801, 802, 1006, foundation, authentication, sponsorship. *See* above at 56:4-57:19, *et al.* | The witness testified about and laid the foundation for this exhibit. It relates at least to Dr. Barry's development work. | Objection is to a page of a numbered trial exhibit. No objection is made to any testimony by page or line number so no basis to rule that testimony should be excluded when deposition is edited. The cited pages of deposition itself do not authenticate the document, but that is not the test. Authentication is not required every time a document is used, nor by every witness who discusses a document. As to the objection to a numbered trial exhibit neither the exhibit page with this number as marked at the deposition nor the deposition page referring to a document with this trial exhibit number was provided with the copy of deposition sent to the court. On the pages identified in the objection PX259 was not mentioned. Counsel appear to have ignored the agreements between counsel at deposition as to the Biomet documents referred to at various points in the deposition. No basis to rule on this objection. **Overruled.** |
| PX259.023-PX259.024 | FRE 402, 403, 801, 802, 1006, foundation, authentication, sponsorship. *See* above at 60:18-2:24 | The witness testified about and laid the foundation for this exhibit. It relates at least to Dr. Barry's development work. | **Overruled.** Same basis as immediately preceding ruling. |

| Lines | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| PX513 | FRE 801, 802, authentication, sponsorship, foundation<br>There is insufficient testimony designated to authenticate or lay the foundation for this document, which is inadmissible hearsay, used at the deposition to attempt to refresh the witness's recollection of other matters. *See* Tr. 83:17-25 ( "Q· · Does this refresh -- does this, in combination with your e-mail from June 2004 with Mr. Miller, refresh your memory as to whether or not physical instruments were actually made for Dr. Barry, as of ·June 2004?· And I'm referring specifically to the Barry ·torque stabilizers. ·A· · Based on the e-mail, there was at least one ·torque stabilizer that was provided to Dr. Barry for ·review by that date.") | The witness testified about and laid the foundation for this exhibit. It relates at least to Dr. Barry's development work. | Objection is to a numbered trial exhibit. No objection is made to any testimony by page or line number so no basis to rule that testimony should be excluded when deposition is edited. The cited pages of deposition itself do not authenticate the document, but that is not the test. Authentication is not required every time a document is used, nor by every witness who discusses a document.  As to the objection to a numbered trial exhibit neither the exhibit page with this number as marked at the deposition nor the deposition page referring to a document with this trial exhibit number was provided with the copy of deposition sent to the court. On the pages identified in the objection PX259 was not mentioned.  Counsel appear to have ignored the agreements between counsel at deposition as to the Biomet documents referred to at various points in the deposition. No basis to rule on this objection. **Overruled.** |
| PX565 | FRE 801, 802, authentication, sponsorship<br>*See* above at 69:23-71:16. | The witness testified about and laid the foundation for this exhibit. It relates at least to Dr. Barry's development work. | **Overruled.** Same basis as immediately preceding ruling. |

*Dr. Barry's Objections to Medtronic's Designations, Counter-Designations, and Exhibits*

| Testimony/ Exhibit | Dr. Barry's Objection | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 103:21 - 104:25<br>105:23-24<br>107:11 - 108:7<br>113:9 - 114:13<br>114:15<br>114:17 - 115:5<br>115:6 - 116:17<br>119:17 - 120:4<br>128:19 - 130:8<br>132:6-14<br>132:16<br>132:18 - 133:4<br>140:24 - 141:4<br>144:2-17<br>146:5-7 | Medtronic included this testimony as counter-designations on October 6, 2016, but at that time it did not identify the affirmative testimony to which it corresponds. These are not proper counters and should not be included in the testimony that is read to the jury. | Counter to at least designated testimony 73:23-25 with respect to subject matter (witness's alleged attendance at Dr. Barry's surgeries). As the Court found with respect to a similar objection posed by Plaintiff to other counter-designations proposed by Medtronic, "[t]his is a counter-designation, not request to include material under the rule of optional completeness." (Dkt. 391 re: Cuellar counter designation). | We are not dealing with Rule 106 at trial, known as the rule of optional completeness. Both parties get to designate deposition testimony. Absent showing of good cause, Depo will be played only once. Overruled. |

## In Limine Rulings - Timothy Fields

*Medtronic's Objections to Dr. Barry's Designations, Counter-Designations, and Exhibits*

| Testimony/ Exhibit | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 78:13-79:6 | FRE 402<br>FRE 403<br>The designated testimony is incomplete to permit admission of PX 206, thus would be more prejudicial than probative without admission of PX 206. | Dr. Barry understands Medtronic's objections to be based on the fact that Dr. Barry did not identify the relevant exhibit corresponding to this testimony. Dr. Barry informed Medtronic that PX206 was now added to his list of disclosed exhibits. Dr. Barry believes this resolves Medtronic's objections. | Medtronic is objecting to what their own 30(b)(6) witness testified was one of the Medtronic spread sheets of information concerning his area of responsibility. *See* p. 30:6 – 31:7 & p. 74:10 – 75:22.  Objection does not make clear the basis for a ruling. Overruled. |
| PX206 | FRE 402, 403, 801, 802, authenticity, sponsorship, foundation.<br>The designated testimony is incomplete to permit admission of this document. | This exhibit is a Medtronic document that this witness testified about. None of the objections are proper. | Only objection is to a numbered trial exhibit, with no reference to any deposition testimony After citing four specific rules, Medtronic invites the court to read the entire deposition and then decide how the document might be kept out under one or more of Rules 101 through 1101, and presumably the Constitutional provisions and statutory provision that govern admissibility of evidence in Federal courts.  Overruled. |

*Dr. Barry's Objections to Medtronic's Designations, Counter-Designations, and Exhibits*

| Testimony/ Exhibit | Dr. Barry's Objection | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 17:9-14 18:11-14 23:4 - 24:14 | Dr. Barry designated 14:15-20. This testimony includes a single question—can the witness explain his role at the company—and answer—what his role is. Medtronic's counters extend well beyond the scope of this simple designation.<br><br>17:9-14: not a counter to the designated testimony<br>18:11-14: not a counter to the designated testimony<br>23:4 - 24:14: not a counter to the designated testimony; FRE 402, testimony regarding alleged number of "active sets" is irrelevant; FRE 602, witness speculates | As the Court found with respect to a similar objection posed by Plaintiff with respect to other counter-designations proposed by Medtronic, "[t]his is a counter-designation, not request to include material under the rule of optional completeness." (Dkt. 391 re: Cuellar counter designation).<br><br>23:4 – 24:14 – witness appearing as a 30(b)(6) witness is relevant to jury's understanding of the testimony, and the basis for Plaintiff playing this witness's testimony for the jury. Testimony regarding the number "active sets" is relevant, as it gives context for the accused VCM set within Medtronic. There is no speculation. | Overruled |
| 81:1-12 83:14-17 | Dr. Barry designated 80:11-14 asking why Medtronic would ship products to Canada. Medtronic's counters exceed the scope of this testimony. | As the Court found with respect to a similar objection posed by Plaintiff with respect to other counter-designations proposed by Medtronic, "[t]his is a counter-designation, not request to include material under the rule of optional completeness." (Dkt. 391 re: Cuellar counter designation). | Overruled |

| Testimony/ Exhibit | Dr. Barry's Objection | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 104:21 - 105:1<br>105:7-9<br>105:11<br>105:13-15<br>105:18 - 106:1<br>106:3-4<br>106:6-11<br>106:14<br>106:16<br>106:18-21<br>107:6-7<br>107:12-17<br>107:19-21 | Dr. Barry designated 103:17-104:11. In response, Medtronic designated this testimony. It is not the proper subject of counter-designation testimony. It begins with Medtronic's redirect of this witness and appears to be an attempt to include affirmative testimony under the guise of a counter. | As the Court found with respect to a similar objection posed by Plaintiff with respect to other counter-designations proposed by Medtronic, "[t]his is a counter-designation, not request to include material under the rule of optional completeness." (Dkt. 391 re: Cuellar counter designation). | As with other similar objections in this and other depositions, counsel seems to be confused about the difference between designation of deposition testimony and a request, during trial, to introduce the remainder of a writing or recorded statement under Rule 106, sometimes referred to as the "rule of optional completeness" Overruled. |

## In Limine Rulings - Philip Mellinger

*Medtronic's Objections to Dr. Barry's Designations, Counter-Designations, and Exhibits*

| Testimony/ Exhibit | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 15:7-8<br>15:12-18<br>17:15-25 | FRE 402, FRE 403. The witness is being asked to speculate about what Dr. Barry did at certain periods in time, but the witness is unable to confirm because he lacks the knowledge. Dr. Barry will be present to testify as to these matters, and he should not attempt to corroborate his testimony with *counsel's* statements that the witness does not—and cannot—confirm. This is unduly prejudicial, irrelevant, and a waste of time. | Not speculation. Witness confirms he reviewed documents and what those documents showed and did not show, and testifies to his recollection of his work with Dr. Barry. Testimony is relevant to the timeline of Dr. Barry's development efforts. Medtronic has not demonstrated that probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. | Overruled |
| 34:20-35:2 | Foundation. Dr. Barry argues that this witness confirms that there was no public disclosure, but that argument misconstrues the testimony. The witness testifies that he does not know one way or the other whether that occurred. There is no foundation or relevance for this testimony. | Fact that witness does not know the answer is itself relevant to rebut Medtronic's public disclosure defense. Biomet corporate representative cannot confirm that Dr. Barry disclosed his concept prior to 2004. | Overruled |

| Testimony/ Exhibit | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 38:7-11 38:14-16 | FRE 104; 402; 403; Speculation; MIL 2<br>In this designation, the witness is asked to speculate what *would* have happened in a hypothetical situation. This designation also alludes to the existence of a confidentiality agreement – the statement that "there were meetings that we had without an NDA in place" implies that there were other meetings where there was a confidentiality agreement in place. | Not speculative or lacking foundation. Relevant to rebut Medtronic's public disclosure defense. Not within the scope of the Court's ruling on Medtronic's MIL 2. Witness does not testify that any written agreement existed. Rather, witness testifies that meetings would be kept confidential even in the absence of a written confidentiality agreement. Medtronic has not demonstrated that probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. | Overruled |

| Testimony/ Exhibit | Medtronic's Objection | Dr. Barry's Response | Court's Ruling |
|---|---|---|---|
| 68:6-10<br>68:18-20<br>68:21-69:2<br>71:15-21<br>74:8-13<br>74:21-23<br>75:1-3<br>75:7-8<br>75:10-11<br>75:14-16<br>77:2-4 | Outside the scope of the deposition. Medtronic served on Biomet a subpoena for a Rule 30(b)(6) deposition. It included a narrow list of topics. Dr. Barry did not join in the subpoena, nor did he serve one of his own. Dr. Barry's questions to this witness were outside the scope of the subpoena and the topics included therein. Therefore, the testimony is improper and irrelevant. To the extent the Court overrules Medtronic's objection, Medtronic would request a jury instruction that the witness is not testifying on behalf of Biomet during this portion of the deposition. | To the extent the witness was questioned on topics outside the scope of Medtronic's 30(b)(6) subpoena, his testimony is admissible in his personal capacity, as the witness has personal knowledge of many relevant facts. If necessary, the Court can instruct the jury that this portion of Mr. Mellinger's testimony was not made on behalf of Biomet. | Overruled. A 30(b)(6) witness is required to be prepared to testify about the subjects listed in the 30(b)(6). But there is no basis for Medtronic to complain that the witness knows about other topics of corporate information or is familiar with the company in general. The deposition was taken more than six months prior to final pre-trial, so Medtronic can not claim to be unfairly surprised at trial. |
| PX283 | Hearsay. This document is hearsay. An out of court statement offered for the truth of the matter asserted. | FRE 803(5), offered to refresh the witnesses recollection (*see* 68:6-10; 69:21-69:2; 69:6-7; 71:15-21). FRE 803(6) (*see* 75:7-8, 75:10-11, 75:14-16). | This objection was withdrawn, and properly so, since no deposition testimony was indicated upon which the court could rule.   Moot |

*Dr. Barry's Objections to Medtronic's Designations, Counter-Designations, and Exhibits*

| Testimony/ Exhibit | Dr. Barry's Objection | Medtronic's Response | Court's Ruling |
|---|---|---|---|
| 47:17-48:9<br>48:11-18<br>48:20-49:1<br>49:3-49:8 | FRE 602, FRE104(b), FRE 701. Lack of foundation, calls for speculation, lack of personal knowledge re whether Dr. Barry was satisfied with tools or surgery results, and calls for expert testimony re whether tools/technique worked for their intended purpose. | The witness, as a Rule 30(b)(6) is qualified to speak on behalf of the company upon matters not necessarily within the *witness'* personal knowledge, but with respect to the company's knowledge. The witness is not being asked to testify as an expert, but as to facts. | Overruled |
| 51:3-51:12<br>51:14-52:2<br>52:5-52:7 | FRE 602, FRE104(b), FRE 701. Lack of foundation, calls for speculation, lack of personal knowledge.  Calls for expert testimony re contents of article. | The witness, as a Rule 30(b)(6) is qualified to speak on behalf of the company upon matters not necessarily within the *witness'* personal knowledge, but with respect to the company's knowledge. The witness is not being asked to testify as an expert, but as to facts. | Overruled |
| 59:20-21<br>59:24<br>60:5-9<br>60:11<br>60:15-60:22<br>60:25-61:1<br>61:7-61:12<br>61:14 | 59:20-21; 59:24; 60:5-9; 60:11;  61:7-61:12; 61:14 – FRE 602, FRE104(b), lack of foundation, calls for speculation.<br><br>60:15-60:22; 60:25-61:1; 61:7-61:12; 61:14 – FRE 401/402, lack of relevance. | This testimony is not speculative, as the witness specifically states that he will not speculate. As the Rule 30(b)(6) witness selected by Biomet, he is competent to testify as to the knowledge of the company. This testimony is relevant to invalidity and damages (as part of the *Georgia-Pacific* analysis). | Overruled |